J-S13037-22

2022 PA Super 83

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD DEAN JURAY JR. | : | |
| | : | |
| Appellant | : | No. 1536 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 5, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0002238-2018

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:               **FILED: MAY 6, 2022**

Appellant Richard Dean Juray, Jr. appeals from the judgment of

sentence[1] of 89 months to 264 months in a State Correctional Institution

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant was sentenced in this matter on May 5, 2021. On May 17, 2021, counsel filed a timely post-sentence motion, which was denied on November 18, 2021. Counsel for Appellant filed the instant notice of appeal on November 30, 2021.

A notice of appeal must be filed within 30 days of the entry of the order being appealed. *See* Pa.R.A.P. 903(a); ***Commonwealth v. Moir***, 766 A.2d 1253 (Pa.Super. 2000). If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. *See* Pa.R.Crim.P. 720(A)(2)(a). A trial court has 120 days to decide a post-sentence motion, and if the court fails to decide the motion within that period, the motion is deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). When the motion is deemed denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties. *See* Pa.R.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days
*(Footnote Continued Next Page)*

entered in the Court of Common Pleas of Franklin County following his convictions by a jury of Aggravated Indecent Assault by Threat or Forcible Compulsion, Aggravated Indecent Assault Against a Person Under the Age of 13, Corruption of Minors, and Indecent Assault.[2] These charges arose out of Appellant's conduct with his minor granddaughter, A.J.

At trial, the Commonwealth presented the testimony of A.J., her mother, H.J., and the managing forensic interviewer from the Child Advocacy

---

of the entry of the order denying the motion by operation of law. **See** Pa.R.Crim.P. 720(A)(2)(b).

Herein, the 120-day period for decision on Appellant's post-sentence motion expired on September 14, 2021. However, the clerk of courts failed to enter an order deeming the motion denied as a matter of law on that date. Instead, the trial court ruled on the motion on November 18, 2021, outside the 120-day period, and Appellant appealed within 30 days of that order.

Ordinarily, the appeal would be untimely. Notwithstanding, this Court has held that a court breakdown occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007) (*citing* **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003)). Accordingly, this Court may decline to quash the instant appeal and proceed to consider Appellant's substantive issues.

Moreover, the notice of appeal filed by counsel states the appeal is "from the Sentence entered in this matter on May 5, 2021, and Order of Court denying Defendant's Post-Sentence Motion." However, counsel for Appellant erroneously stated the appeal was from the May 5, 2021, judgment of sentence **and** the November 18, 2021, Order denying post-sentence motions, for "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted), *appeal denied*, 800 A.2d 932 (Pa. 2002). The caption correctly indicates this appeal is from the May 5, 2021, judgment of sentence only.

[2] 18 Pa.C.S.A. §§ 3125(a)(3); 3125(a)(7); 6301(a)(1)(ii), and 3126(a)(1), respectively.

Center, Rebecca Voss, who performed A.J.'s forensic interview. In addition, Appellant testified in his own defense, and his sister, W.M., testified as a character witness on his behalf.[3]

On May 17, 2021, Appellant filed a timely post-sentence motion. A hearing was scheduled for July 29, 2021; however, at that time it was discovered that Appellant had not been transported to the courtroom because he previously had been moved to a state correctional institution. Appellant's counsel requested a continuance so that Appellant could be present for the hearing and also asked to amend the post-sentence motion to include a request for modification of sentence.

The trial court granted the continuance and directed counsel to file a written, amended post-sentence motion. Counsel complied and filed an Amended Post-Sentenced Motion on August 2, 2021. After receiving the Commonwealth's Response to Defendant's Amended Post-Sentence Motion on November 11, 2021, the trial court filed its Opinion and Order on November 18, 2021, denying the motion.

Appellant filed a notice of appeal on November 30, 2021, and a timely Concise Statement of Matters Complained of on Appeal on December 17,

---

[3] We have replaced the proper names of family members with initials to protect the minor child's identity. **See** Superior Court I.O.P. 424(A).

2021.[4] The trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on December 20, 2021. Therein, it referred this Court to its November 18, 2021, Opinion and Order of Court wherein it had addressed at length the claims Appellant set forth in his concise statement.

In his brief, Appellant presents the following questions for this Court's review:

1. Whether the evidence presented at trial failed to prove every element of the crimes charged beyond a reasonable doubt and, therefore, was insufficient to support [Appellant's] convictions?

2. Whether the guilty verdict following [Appelant's] trial was against the weight of the evidence presented?

Brief for Appellant at 12.

_____

[4] Appellant's concise statement is five pages in length and reads like an appellate brief. The fact Appellant filed a timely 1925(b) statement does not automatically equate with issue preservation. **See Jiricko v. Geico Ins. Co.,** 947 A.2d 206, 210 (Pa.Super. 2008) (finding that the appellant's five-page 1925(b) statement could certainly be characterized as "lengthy."). This Court previously held that at Rule 1925(b) statement is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the party plans to raise on appeal. **Riley v. Foley**, 783 A.2d 807, 813 (Pa.Super. 2001). The Pa.R.A.P. 1925(b) statement must be sufficiently "concise" and "coherent" such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith. "A concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **Commonwealth v. Dowling**, 778 A.2d 683, 686-87 (Pa.Super. 2001).

Herein, although inartfully stylized as his Concise Statement of Matters Complained of on Appeal, Appellant's Rule 1925(b) statement does identify the issues Appellant challenges on appeal. Although superfluous, the "argument" portions of the statement do not impede review. Thus, we decline to find waiver of the issues Appellant presents for our review due to his lengthy concise statement.

In a letter filed with this Court on February 24, 2022, and dated February 16, 2022, the Commonwealth indicated that it agrees with the trial court's Opinion and will not be filing an appellate brief herein.

This Court's standard of review of a challenge to the sufficiency of the evidence is well-settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell,** 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch,** 39 A.3d 996, 1001 (Pa.Super. 2011).

To establish the crimes of Aggravated Indecent Assault by Threat or Forcible Compulsion, and Aggravated Indecent Assault Against a Person Less than the age of 13, the Commonwealth must prove,

> **(a)** **Offenses defined.--**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
>
> \*\*\*
>
> (3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
>
> \*\*\*
>
> (7) the complainant is less than 13 years of age; or

- 5 -

18 Pa.C.S.A. §§ 3124(a)(3), (a)(7), respectively.

Corruption of Minors is defined, in relevant part, as follows:

**(a) Offense defined.—**

(1)(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

The relevant elements of Indecent Assault require proof that:

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent;

18 Pa.C.S.A. § 3126(a)(1).

Despite his general statement in the Statement of Questions Involved portion of his appellate brief challenging the evidence to support all the elements of his crimes, the only aspect of each crime for which Appellant develops an argument is the "contact" element. Appellant avers that the Commonwealth presented no physical evidence at trial to show he engaged in sexual contact with A.J., and the only direct evidence it did present was the testimony of the victim herself. Brief for Appellant at 22-23. Appellant maintains that "[t]he inconsistencies, contradictions and defective assertions

made by A.J. make her testimony weak and unreliable." *Id*. at 25. Appellant stresses that A.J.'s trial testimony was inconsistent with statements she made during her forensic interview, which the jury viewed, and cites to numerous examples of those inconsistencies. *Id*. at 27-31. Appellant concludes by stating:

> Nothing in this testimony proves or tends to prove that any sexual contact actually occurred between the Appellant and A.J. and nothing in her testimony proves or tends to prove the necessary and required elements that any contact was motivated by sexual arousal of either party and not for a good faith medical or hygienic purpose.

*Id*. at 32-22.

Preliminarily, we find that in basing its challenge to the sufficiency of the evidence upon the credibility of A.J.'s trial testimony, Appellant conflates the concepts of sufficiency and weight of the evidence. In *Commonwealth v. Wilson,* 825 A.2d 710, 713-14 (Pa.Super. 2003) this Court explained that a sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to weight of evidence. *Id*. *See also Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa.Super. 2007) (explaining a claim that the jury erred in crediting a victim's version of events over that of Appellant goes to the weight, not to the sufficiency of the evidence).

In addition, the Pennsylvania Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an

appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that the appellant provides goes to the weight of the evidence. **Commonwealth v. Small**, 559 Pa. 423, 434, 741 A.2d 666, 672 (1999). **See also Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745 (2000) (explaining distinctions between a claim challenging sufficiency of evidence and a claim challenging weight of evidence).

Instantly, while acknowledging that A.J.'s testimony was "[t]he only direct evidence presented against Appellant to prove the crimes," Appellant baldly alleges the Commonwealth failed to establish each element of contact related to the four charges of which he was convicted. **See** Brief for Appellant at 22-25. Essentially, Appellant maintains the jury should not have believed the victim's testimony regarding the incident in her bedroom at her birthday party. Notwithstanding the phrasing of Appellant's claim as concerning the sufficiency of the evidence, his claim is more properly construed as a challenge to the weight of the evidence. **See Wilson, supra**. For this reason, this claim fails. **See Small**, **supra**.

Moreover, even if Appellant's issue on appeal may be construed as implicating the sufficiency and not the weight of the evidence, the evidence introduced at trial was sufficient to establish Appellant's guilt of the crimes charged beyond a reasonable doubt. In this regard, the trial court stated the following:

> The victim is [Appellant's] granddaughter. She was
> fourteen years old at the time she testified, testifying about an

- 8 -

incident that occurred on her sixth birthday.[5]  She testified that, while she was in her room playing with dolls, [Appellant] entered the room and forced her to the floor.  The victim then testified:

> "He took off my shirt and started playing with my chest and after that he took off my shorts and my underwear and he started going around outside of my private area **and he went in a little bit** and then I started screaming and he stopped because he heard somebody downstairs opening the door and then he threatened that if I said anything that he would do it again."[6]

The victim further testified that he had used his finger, and that she felt him "go inside of [her] private area."  She later described how it felt:

> "Well, basically like whenever he went in it- I just felt, like, discomfort and it wasn't necessarily something I was used to.  I was never exposed to that.  So it was definitely something I didn't want to experience which also made it hurt even worse because my body was trying to reject it but he kept forcing it into me.

The jury later heard testimony from the investigator who interviewed the victim and watched footage of the forensic

---

[5] At trial, A.J. testified she was "six or seven" years old at the time and attending a birthday party held in honor of her brother and her.  N.T., Trial 10/23/20, at 28-29.

[6] Prior to this testimony, Appellant had explained she was upstairs in her bedroom playing with her Barbie dolls when:

My grandfather comes upstairs and he walks in and he asks what I was doing and I told him I was just playing with me [sic] Barbie dolls.  And he turned around and he closed the door.  And then he walked toward me and sat down beside me.  And then he had his hands on my shoulders and pushed me down and laid me on the floor so I had no control and then he took off my shirt.

N.T. Trial, 10/23/20, at 30.

interview. Although there were some discrepancies between the victim's testimony and the interview which we will discuss below, the victim's testimony did not waver on the question of penetration.

This [c]ourt has encountered quite a few cases in which the question of penetration was ambiguous. This is not one of those cases. The victim testified quite unambiguously that she felt [Appellant's] fingers penetrate her vagina, and she further described what it felt like. When viewed in the light most favorable to the Commonwealth, this testimony clearly constitutes sufficient evidence to support the jury's finding that [Appellant] penetrated the victim's vagina, thereby causing indecent contact and corrupting the morals of a minor. Although the victim's testimony is directly in conflict with [Appellant's] testimony, which was simply a staunch denial of all allegations, it is the jury's responsibility to resolve such conflicts, and they are free to believe some, all, or none of the testimony they hear. In this case, the jury weighed the conflicting evidence and found that the victim was telling the truth.

As discussed above, we are not to disturb the jury's verdict unless the weight of the evidence is "so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." [Appellant's] theory of the case, as recounted by his counsel in her competent closing argument, is simply that he is not guilty. For reasons unknown, the victim is not telling the truth. The jury was then asked to consider some few discrepancies in her testimony and find that reasonable doubt existed. The jury, after having been presented with these discrepancies, still found proof beyond a reasonable doubt to convict. The bar [Appellant] must overcome in order to overturn the jury's verdict is extremely high, and [Appellant] cannot meet it with the mere existence of discrepancies in witness testimony alone.

We note that the discrepancies to which [Appellant] pointed were not insignificant. Aside from the fact that the victim waited many years before making an official disclosure about the incident, there were several aspects of her trial testimony which differed from her forensic interview. [Appellant's] counsel pointed out each of these discrepancies in her closing argument-the victim had not stated in her forensic interview that the incident had occurred on her birthday, nor had she mentioned [Appellant] closing her bedroom door, nor had she claimed [Appellant] had pinned her to the floor. Nevertheless, the jury believed the victim's testimony, as they are free to do as finders of fact.

Furthermore, we would be remiss not to mention that the victim's testimony was bolstered by corroborating testimony from her mother, who testified about an unusual incident in which she discovered [Appellant] lying in the victim's bed with her while she was crying in the middle of the night. This incident occurred during a brief period where [Appellant] was staying with the victim's family approximately a year or two before the victim's sixth birthday, and her parents found the incident alarming enough to insist that [Appellant] leave the residence within two weeks.[7]

It is clear, given the testimony, that the jury's verdict of guilty on all charges in this case is fully supported by competent and sufficient evidence beyond a reasonable doubt. Furthermore, [Appellant] has failed to meet his burden to show that the evidence in this case was so weak and inconclusive that we must overturn the jury's verdict as a matter of law. For these reasons, [Appellant's] first right *Post Sentence Motions* shall be denied.

Trial Court Opinion and Order of Court, filed 11/18/21, at 4-6 (citations to testimony omitted, emphasis in original).

Upon our review of the entire record, we agree that viewed in the light most favorable to the Commonwealth as verdict-winner, the testimonial evidence presented to the jury sitting as the fact-finder and examining the evidence in its totality at trial would have been sufficient to sustain Appellant's convictions. *See Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011).

---

[7] H.J., A.J.'s mother, also testified that in addition to "self-isolating" in her room, A.J. began "cutting herself" which prompted H.J. to seek counseling for A.J. A.J. has few friends and does not engage in social activities with peers. When she goes to the grocery store with H.J., A.J. "is on guard all the time, looking around, evaluating." N.T. Trial, 10/23/20, at 49-51.

Significantly, the Pennsylvania Supreme Court has found that digital penetration of the vagina is sufficient evidence to support a conviction for aggravated indecent assault. *Commonwealth v. Kelley*, 569 Pa. 179, 190–191, 801 A.2d 551, 557–558 (2002). Moreover, in *Commonwealth v. Filer*, 846 A.2d 139, 141–42 (Pa.Super. 2004) this Court determined the victim's testimony that the appellant had digitally penetrated her vagina was sufficient for a jury to find the appellant guilty of aggravated indecent assault, corruption of minors and indecent assault although the appellant's version of events differed from that of victim. *See also Commonwealth v. Davis*, 437 Pa.Super. 471, 650 A.2d 452, 455 (Pa.Super. 1994) (generally stating uncorroborated testimony of a victim, if believed by the trier of fact, is sufficient to convict a defendant, despite evidence from a defense witness). Thus, A.J.'s trial testimony alone, that Appellant pushed her to the ground, took off her shirt, and digitally penetrated her vagina when she was six or seven years old, is sufficient to support each of the guilty verdicts in this case.

Indeed, Appellant admits that A.J.'s testimony was presented in support of the charged crimes, but he characterizes it as the "only testimony" which was at times suspect in light of certain contradictions. However, as the trial court acknowledges, the inconsistencies in the testimonial evidence about

which Appellant argues were for the jury to resolve and do not dictate a finding the evidence was not sufficient for conviction. [8]

In so arguing, Appellant challenges the credibility of A.J.'s testimony as presented at trial and asks this Court to usurp the duty of the jury as factfinder and reassess the credibility of the witnesses and reweigh the evidence in hopes of reaching a different conclusion. It is not for this Court to undertake such an exercise. *See Kaur v. Singh*, 259 A.3d 505, 509 (Pa.Super. 2021) (stating that, "this Court will defer to the credibility determinations of the trial court as to witnesses who appeared before it[, and it] is well-settled that the trier[-]of[-] fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence" (citation and original quotation marks omitted)).

Appellant next asserts, as he did in his concise statement, that the "guilty *verdict* was against the weight of the evidence presented" at trial. (emphasis added).  For the reasons that follow, we find Appellant has waived this claim.

_____

[8] In addition to recounting for the jury the incident that led to the charges brought against Appellant, A.J. testified she has been affected mentally in the years that have followed. She receives regular counseling due to the flashbacks and suicidal thoughts she regularly experiences.  N.T. Trial, 10/23/20, at 35.  A.J. has seen Appellant only a few times since the day of the party, and she did not tell anyone about the incident until she was in seventh grade for fear that Appellant would "do it again" "except worse." *Id*. at 34, 44.

Initially, the following legal principles apply when a challenge to the weight of the evidence supporting a conviction is presented to the trial court:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 560 Pa. 308, 319-20, 744 A.2d 745, 751-52 (2000) (citations, footnotes and quotation marks omitted). Thus, to allow an appellant "to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial] court." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa.Super. 2016) (internal citation omitted).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an

appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 619 Pa. 423, 64 A.3d 1049, 1055 (2013) (emphasis in original).

A challenge to the weight of the evidence must be preserved by a motion for a new trial. Pennsylvania Rule of Criminal Procedure 607 provides:

**Rule 607. Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

"An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa.Super. 2018), *aff'd*, ––– Pa. ––––, 239 A.3d 25 (2020). *See also* Pa.R.Crim.P. 607, *Comment* (stating: "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived").

Here, while Appellant preserved the weight claim by raising it in a post-sentence motion, he has waived this issue for failing to properly preserve it in his concise statement. Therein, Appellant stated the following: "Whether the guilty *verdict* following [Appellant's] jury trial was against the weight of the evidence presented." **See** Concise Statement of Matters Complained of on Appeal at 4 (unnumbered) (emphasis added). In the "argument" following that statement, Appellant refers generally to the "jury's *verdict*" as shocking to an observer's sense of justice in light of discrepancies in A.J.'s testimony presented at trial and that given during her forensic interview. **Id**. at 4-5 (unnumbered) (emphasis added).

In order to preserve a challenge to either the sufficiency or weight of the evidence on appeal, an appellant's Rule 1925(b) concise statement must state with specificity the elements or verdicts for which the appellant alleges that the evidence was insufficient or against the weight of the evidence. **See Commonwealth v. Freeman**, 128 A.3d 1231, 1248-49 (Pa.Super. 2015) (finding waiver of appellant's sufficiency and weight challenges where the Pa.R.A.P. 1925 statement was too vague to permit the court to identify (1) which crimes, or the elements of any crimes, that the Commonwealth allegedly failed to prove beyond a reasonable doubt; or (2) which verdicts were contrary to the weight of the evidence, and the specific reasons why the verdicts were contrary to the weight of the evidence). Such specificity is of particular importance in cases where, as herein, Appellant was convicted of

multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt. This is so even where the trial court issued an opinion addressing the substance of the claim. ***Commonwealth Parrish***, 224 A.3d 682, 700 (Pa. 2020).

Appellant did not specify in his concise statement which of the four convictions he believes were against the weight of the evidence. Therefore, in light of the foregoing, we find this issue is waived.[9]

Accordingly, we affirm the judgment of sentence.[10]

_____

[9] Even if Appellant had properly preserved this issue, we would discern no abuse of discretion by the trial court in determining that the jury's verdict of guilt on all charges did not shock the judicial conscience. The jury was free to believe A.J.'s testimony and to reject the version of events proffered by Appellant during his testimony in his own defense. The trial court was not required nor permitted to re-weigh A.J.'s credibility, and it did not do so. Moreover, the court determined the jury's verdict was "not so shocking to an observer's sense of justice such that Appellant should be awarded new trial." Opinion sur Pa.R.App.P. 1925(a), filed 12/20/21, at 2. The court further found "[Appellant] has failed to meet his burden to show that the evidence in this case was so weak and inconclusive that [the court] must overturn the jury's verdict as a matter of law." Accordingly, Appellant's weight challenge would not entitle him to relief. Trial Court Opinion and Order of Court, filed 11/18/21, at 6.

[10] ***See Commonwealth v. Williams***, 73 A.3d 609, 617 n.4 (Pa.Super. 2013) ("This Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022