J-S28003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ANDREW SIMMERS | : | |
| | : | |
| Appellant | : | No. 336 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 22, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0002084-2019

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: OCTOBER 24, 2022**

Appellant, Joshua Andrew Simmers, appeals from his judgment of sentence entered on September 22, 2021, following his convictions for strangulation and simple assault,[1] as made final by the denial of his post-sentence motion on January 31, 2022. We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> The charges in this case stemmed from a report of an active domestic violence incident on November 4, 2019, at approximately 9:38 a.m. at [an address located within] Guilford Township, Franklin County. Trooper Matthew Cruver of the Pennsylvania State Police responded to the scene and spoke with the victim in the driveway of the residence. The victim explained that her boyfriend, [Appellant], became upset with her for not wanting to have sex and accused her of cheating on him. The victim walked out of the living room to retrieve her belongings

---

[1] 18 Pa.C.S.A. §§ 2718(a)(1), 2701(a)(1), respectively.

from her room, and [Appellant] followed her, threw her to the ground, and placed both hands around her neck. [Appellant] sat on the victim as he began to choke her, and she could not breathe. [Appellant] then grabbed the victim by her hair, threw her into a wall, and began choking her with both hands again. [Appellant] threw the victim onto the floor of the dining room and punched her with closed fists multiple times in the face, causing her face to bleed. [Appellant] started choking her again, but the victim was able to run outside, lock herself in her car, and call the police.

[Appellant] was charged by criminal complaint on November 4, 2019, with one count of strangulation – applying pressure to throat or neck; one count of simple assault; and one count of harassment – subject other to physical contact. The harassment charge was later withdrawn by the Commonwealth. On January 28, 2020, the Commonwealth filed a motion *in limine* [seeking] to introduce evidence of [Appellant's] prior bad acts pursuant to Pa.R.E. 404(b). A hearing on the matter was held on March 16, 2020. On June 26, 2021, the [trial] court issued an opinion admitting [Appellant's] two prior instances of abuse pursuant to Pa.R.[E]. 404(b)(2). The [trial] court ruled that the probative value of [Appellant's] prior bad acts outweighed [the] potential for prejudice and the evidence was allowed to be presented at [Appellant's] trial. On August 2 and 3, 2021, a jury trial was held in which [Appellant] was tried for one count of strangulation (F2) and one count of simple assault (M2). Following the jury trial, [Appellant] was convicted of both counts. On September 22, 2021, [Appellant] was sentenced to 18 to 60 months[' incarceration] at a State Correctional Institution for the strangulation[,] and one to 24 months[' incarceration] for the simple assault [] concurrent to the 18 to 60 months for the strangulation[.] On October [4], 2021, [Appellant] filed [] post-sentence motions pursuant to Pa.R.Crim.P. 720(B) challenging the weight of evidence and alleging that the [admission of evidence relating to Appellant's prior bad acts] was prejudicial.[2] On January 31, 2022, the trial court issued an opinion and order [which] denied [Appellant's] post-sentence motion.

_____

[2] On November 29, 2021, the trial court held a hearing on Appellant's post-sentence motions. It appears, however, that neither party requested transcription of that hearing.

Trial Court Opinion, 4/11/22, at 1-3 (extraneous capitalization omitted). This appeal followed.[3]

Appellant raises the following issues for our review:

I. Whether the trial court abused its discretion in denying [Appellant's] post-sentence motion challenging the weight of the evidence for the charge of strangulation[?]

II. Whether the [trial] court abused its discretion when it granted the Commonwealth's 404(b) motion permitting testimony of other acts evidence by [the victim] when the testimony did not prove intent, lack of mistake, or lack of accident, and the potential for unfair prejudice outweighed its probative value[?]

Appellant's Brief at 9 (extraneous capitalization omitted).

In his first issue presented, Appellant argues that his strangulation conviction was against the weight of the evidence presented at trial. Initially, we must consider whether Appellant waived review of this issue. Appellant properly included a weight of the evidence claim within his post-sentence motion pursuant to Pa.R.Crim.P. 607. The Commonwealth contends that, because Appellant's Rule 1925(b) statement fails to specify which verdict and for what reasons such verdict is against the weight of the evidence, Appellant waived his weight claim.[4] Commonwealth's Brief at 6.

_____

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925. The trial court adopted the opinions filed on June 29, 2020 and January 31, 2022 as its reasoning.

[4] Appellant's Rule 1925(b) statement included the issue: "Was the jury's verdict against the weight of the evidence presented at trial?" Rule 1925(b) Statement, 3/15/22, at 1 (unpaginated). In support, it included, "[t]he
*(Footnote Continued Next Page)*

> In order to preserve a challenge to either the sufficiency or weight of the evidence on appeal, an appellant's Rule 1925(b) concise statement must state with specificity the elements or verdicts for which the appellant alleges that the evidence was insufficient or against the weight of the evidence. *See Commonwealth v. Freeman*, 128 A.3d 1231, 1248-[12]49 (Pa. Super. 2015) (finding waiver of appellant's sufficiency and weight challenges where the Pa.R.A.P. 1925 statement was too vague to permit the court to identify (1) which crimes, or the elements of any crimes, that the Commonwealth allegedly failed to prove beyond a reasonable doubt; or (2) which verdicts were contrary to the weight of the evidence, and the specific reasons why the verdicts were contrary to the weight of the evidence). Such specificity is of particular importance in cases where [the appellant] was convicted of multiple crimes, each of which contains elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1048 (Pa. Super. 2022) (parallel citation omitted). We emphasized that the trial court's attempt to correctly identify and address weight and sufficiency issues does not affect our finding of waiver. *Commonwealth v. LeClair*, 236 A.3d 71, 76 (Pa. Super. 2020).

Our Supreme Court recently tempered this strict waiver analysis by allowing a narrow exception for cases in which a review of the appellant's post-sentence motion, in combination with his Rule 1925(b) concise statement, provides sufficient specificity to allow meaningful review of the claim. *Commonwealth v. Rogers*, 250 A.3d 1209, 1225 (Pa. 2021). In *Rogers*, the appellant's Rule 1925(b) statement included virtually no details besides claiming that unspecified verdicts (out of "more than three dozen

---

evidence presented by the Commonwealth by testimony of its witnesses was so conflicted that, as a matter of law, no probability of fact could have been drawn from the combined circumstances." *Id.* at 2.

different offenses") were so contrary to the weight of the evidence as to shock one's sense of justice. *Id.* at 1223, 1223 n.15. The appellant, however, previously included a more specific contention and much deeper analysis within his post-sentence motion. *Id.* at 1222-1223. The *Rogers* Court noted that, on the basis of that record which included the detailed post-sentence motion, the weight of the evidence claim was readily discernable in context. *Id.* at 1224. Moreover, the Court emphasized that "the [Rule 1925(b)] concise statement's purpose is to assist the trial judge in apprehending the issues and authoring an opinion accordingly for the benefit of the parties, the appellate court, and the public." *Id.* at 1225. Hence, the *Rogers* Court held that appellate courts may reach the merits of a weight claim, notwithstanding the brevity of a Rule 1925(b) statement, where the trial court has no difficulty apprehending the claim or addressing its substance, and meaningful appellate review is unhampered. *Id.*

Instantly, the trial court explicitly stated in its Rule 1925(a) opinion that it "cannot discern the specific issues [Appellant] intends to appeal" due to lack of specificity in Appellant's Rule 1925(b) concise statement. Trial Court Opinion, 4/11/22, at 4. We agree with the trial court and the Commonwealth that Appellant's Rule 1925(b) concise statement lacks sufficient specificity, standing alone, to warrant appellate review. *See Juray*, *supra*; *LeClair*, *supra*. Thus, we turn to whether Appellant's post-sentence motion

complements his Rule 1925 statement with sufficient specificity such that he may avail himself of the exception outlined in **Rogers**.

Here, the trial court opined that Appellant's argument within his post-sentence motion "is more like an argument for the sufficiency of the evidence rather than an argument for the weight of the evidence," and "though [Appellant] challenged the weight of the evidence, he did not present corresponding arguments." Trial Court Opinion, 1/31/22, at 4, 7. The trial court explained that Appellant cited to the test for sufficiency and claimed that the Commonwealth failed to meet its burden of proof for his strangulation conviction by failing to establish Appellant impeded the victim's breathing or circulation by applying pressure to her throat or neck or blocking her nose and mouth.[5] **Id.** at 3-4, *citing* Appellant's Post-Sentence Motion, 10/4/21, at ¶¶7-8. Notwithstanding, the trial court analyzed Appellant's claim under both sufficiency and weight of the evidence and ultimately determined it afforded him no relief in either instance. **Id.** at 4-7.

Upon review, we conclude that, even supplemented by an analysis of his post-sentence motion, Appellant failed to state a weight of the evidence challenge with sufficient specificity to withstand waiver. While Appellant's post-sentence motion and concise statement suggest that his weight claim

---

[5] "A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by: (1) applying pressure to the throat or neck; or (2) blocking the nose and mouth of the person." 18 Pa.C.S.A. § 2718(a).

challenged his strangulation conviction, Appellant does not identify the specific evidence that was entitled to greater weight than other proof adduced at trial. In both its opinion denying post-sentence motions and its Rule 1925(a) opinion, the trial court noted this deficiency and reflected that it hindered its ability to adequately address the claim. Rather than providing clarity for the trial court to address the substance of an articulated claim, as in *Rogers*, Appellant's post-sentence motion and Rule 1925(b) concise statement left the trial court to guess as to which issues Appellant appealed. *LeClair*, *supra*. Consequently, we conclude Appellant waived his weight of the evidence challenge for lack of specificity. *See Juray*, 275 A.3d at 1041 n.4 ("A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no concise statement at all." (citation and extraneous capitalization omitted)).

Absent waiver, we would nevertheless conclude Appellant's weight of the evidence claim affords him no relief. Appellant argues in his appellate brief that the verdict was against the weight of the evidence due to lack of supporting medical evidence. Appellant's Brief at 13-14. To the contrary, the law is clear that "[i]nfliction of a physical injury to a victim shall not be an element of the offense" of strangulation and "lack of physical injury to a victim shall not be a defense[.]" 18 Pa.C.S.A. § 2718(b). Moreover, at trial, the testimony of both the victim and Trooper Cruver established, and photographs taken by Trooper Cruver clearly confirmed, that the victim sustained injuries

- 7 -

at the time of the offense. **See** Trial Court Opinion, 1/31/22, at 7; **see also**

**Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017) ("[T]he trier

of fact – while passing on the credibility of the witnesses and the weight of

the evidence – is free to believe all, part, or none of the evidence."). Thus,

the verdict was not contrary to the weight of the evidence, and the trial court

properly denied relief on this claim.

In his remaining claim, Appellant challenges the trial court's admission

of prior bad acts evidence under Pa.R.E. 404(b)(2). Appellant argues that the

trial court erred in allowing the victim to testify about two prior instances in

which Appellant allegedly choked her. Appellant's Brief at 14. He contends

this evidence does not fall within the permissible purposes of prior bad acts

proffered by the Commonwealth, and its prejudicial effect on Appellant

outweighed its probative value. **Id.**

In determining whether the trial court properly allowed testimony of

prior bad acts, we are mindful that the admission of evidence is within the

discretion of the trial court, and this Court will not disturb its rulings absent a

showing that the trial court clearly abused its discretion. **Commonwealth v.**

**Tyson**, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*). An abuse of

discretion is not merely an error of judgment, but rather the "overriding or

misapplication of the law, or the exercise of judgment that is manifestly

unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by

the evidence of record." **Id.** at 358 (citation omitted).

The general threshold for admissibility of evidence is relevance. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence to determining the action. Pa.R.E. 401. All relevant evidence is admissible, subject to certain exceptions. Pa.R.E. 402. Relevant to this claim, evidence of another crime, wrong, or other act is not admissible to prove a person's character or to show that, on a particular occasion, the person acted in accordance with that character. Pa.R.E. 404(b)(1). However, such evidence may be admissible to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. Our Supreme Court has also recognized the *res gestae* exception, permitting the admission of evidence of other crimes or bad acts to tell "the complete story."

*Commonwealth v. Gad*, 190 A.3d 600, 603 (Pa. Super. 2018) (some citation omitted, paragraphing edited). Evidence admitted under Rule 404(b)(2)'s exceptions must demonstrate "a close factual nexus sufficient to demonstrate the connective relevance of the prior bad acts to the crime in question." *Commonwealth v. Ross*, 57 A.3d 85, 104 (Pa. Super. 2012) (*en banc*).

When offered for a legitimate purpose, evidence of prior bad acts is admissible so long as the probative value outweighs its potential for unfair prejudice against the defendant. *Commonwealth v. Hicks*, 156 A.3d 1114, 1125 (Pa. 2017) (quotation marks and citation omitted), *cert. denied*, 138 S.Ct. 176 (2017).

In conducting the probative value/prejudice balancing test, courts must consider factors such as the strength of the other crimes evidence, the similarities between the crimes, the time lapse

between crimes, the need for the other crimes evidence, the efficacy of alternative proof of the charged crime, and the degree to which the evidence probably will rouse the jury to overmastering hostility. The admission of evidence becomes problematic only when its prejudicial effect creates a danger that it will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial.

*Commonwealth v. Diehl*, 140 A.3d 34, 41 (Pa. Super. 2016) (citation omitted, paragraphing edited), *appeal denied*, 160 A.3d 757 (Pa. 2016). Consequently, prior bad acts evidence "should not be shielded from the factfinder merely because it is harmful to [the defendant], the question is whether the evidence of [the defendant's] prior [bad acts] would be **unduly** prejudicial." *Tyson*, 119 A.3d at 361 (citation omitted, emphasis in original); *see also Gad*, 190 A.3d at 605 (while testimony was prejudicial, it was not unduly so on balance with high probative value and great need for information provided).

Prior to trial, the Commonwealth notified Appellant of its intention to present evidence under Rule 404(b), and the trial court held a hearing wherein the victim testified. Regarding the November 4, 2019 incident at issue, the victim explained Appellant grew angry after an argument in which she refused to engage in sex with him. N.T. 404(b) Hearing, 3/16/20, at 4-5. Appellant refused to allow her to leave and began choking her while sitting on top of her. *Id.* at 6. This happened several times in different areas of their home. *Id.* The victim also recounted two other incidents, occurring in October or November of 2018 and two weeks prior to the November 4, 2019 incident,

where Appellant repeatedly sat atop her and placed his hands around her throat to choke her after an argument. *See generally id.* at 6-15. In both instances, Appellant failed to release the victim despite her physical and verbal indications of distress. She coughed, screamed, exhibited painful difficulty in breathing, and sustained bruising around her neck for multiple days following each incident.

The trial court determined that the victim's testimony was highly relevant to Appellant's state of mind at the time of abuse, thus admissible for the purpose of proving intent, knowledge, absence of mistake, and lack of accident. Trial Court Opinion, 6/29/20, at 5-6. In arriving at this conclusion, the trial court explained:

> There is evidence showing that pressure was applied to [the victim's] neck, namely, the redness and dark markings observed on her neck by Trooper Cruver. However, the state-of-mind element is at issue. In his interview with Trooper Cruver a few hours after the incident, [Appellant] admitted he and [the victim] were involved in a verbal altercation. [Appellant] maintained, however, that [the victim] threw a mirror at him, so he pushed her by the neck to the ground. Thus, evidence of similar instances where [Appellant] placed his hands around [the victim's] neck and choked her after she refused sex is highly probative of whether [Appellant] intentionally impeded [the victim's] breathing by applying pressure to her neck.

*Id.* at 4-5. The trial court observed that the prior instances of abuse were temporally related and geographically related, where the prior instances occurred at the residence Appellant and the victim shared on dates within one year and two weeks of the current incident, respectively. *Id.* at 5-6. Moreover, the prior instances resembled the circumstances and manner of the

instant abuse. *Id.* at 6. In each instance, Appellant put his hands around the victim's throat to choke her while sitting on her as a consequence of refusing his sexual advances. *Id.* The victim suffered similar injuries, redness and bruising on her neck, and could not breathe but for brief pauses in the abuse. *Id.* Importantly, each instance involved the same victim. *Id.* In light of these circumstances, the trial court determined the two prior instances served the legitimate purposes of showing intent, knowledge, absence of mistake, and lack of accident.

Furthermore, the trial court concluded the probative value outweighed its potential for prejudice. *Id.* at 6. The trial court explained the prior instances of abuse "share significant similarities with the incident at issue." *Id.* at 7. Equally significant, the Commonwealth demonstrated great need for this evidence to prove the intent element of strangulation because the case was comprised mostly of circumstantial evidence with no direct evidence corroborating the victim's account of events; thus, absent this evidence, the Commonwealth relied solely upon the jury crediting the victim's testimony over Appellant's. *Id.* In contrast, the trial court noted that presentation of this evidence would not "rouse the jury to overmastering hostility," and any prejudice toward Appellant could be minimized by a jury instruction limiting the permissible uses of this evidence. *Id.* at 8 (citation omitted). On balance, the trial court concluded the probative value outweighed the potential for

prejudice toward Appellant and allowed the Commonwealth to introduce testimony of the two prior instances at trial. ***Id.***

Upon review, we discern no abuse of discretion in allowing the victim to testify regarding two prior instances of abuse committed by Appellant against her. The trial court determined sufficient similarities existed between the current and prior instances demonstrating a logical connection between the instances to justify admission under Rule 404(b)(2). Courts consistently uphold a trial court's decision to allow admission of prior bad acts evidence in circumstances similar to those presented here. ***See***, ***e.g.***, ***Hicks***, 156 A.3d at 1123 (logical connection found where victims were drug-dependent women of similar body types who met the defendant for purposes of using drugs, each incident involved sexual undertones where appellant attacked the victim in the neck area with his hands "as an immediate reaction to her not behaving in the way he desired"); ***Commonwealth v. Elliott***, 700 A.2d 1243, 1250 (Pa. 1997) (logical connection found where victims were women in their twenties who were choked, beaten, or both in the early morning hours after exiting the same bar and encountering defendant alone), *abrogated on other grounds*, ***Commonwealth v. Freeman***, 827 A.2d 385 (Pa. 2003); ***Commonwealth v. Hughes***, 555 A.2d 1264, 1282-1283 (Pa. 1989) (logical connection found where both victims were young females of racial minorities who were previously acquainted with the defendant, crimes took place within close proximity to defendant's home, defendant lured the victims to vacant

buildings, and attacks included both sexual acts and manual strangulation). Moreover, the evidence was highly probative because Appellant's state of mind was at issue. **See e.g.**, **Diehl**, 140 A.3d at 43 (probative value of other acts evidence is high where there is a lack of other evidence of the defendant's state of mind).

Regarding the probative value and prejudicial effect balancing, the trial court noted the Commonwealth's significant need of this evidence where its absence would require the Commonwealth to rely solely on the jury accepting the testimony of the victim over Appellant's to sustain its burden in a largely circumstantial case. **See Hicks**, 156 A.3d at 1128 (explaining that, where a logical connection between prior bad acts and currently charged crime is established, the highly probative nature of evidence outweighs its prejudicial impact when the Commonwealth demonstrates great need and alternative methods of proof are largely circumstantial). Finally, the trial court balanced the probative value of the evidence against its prejudice, opining that a limiting jury instruction could minimize any potential prejudice that resulted.[6] **See Commonwealth v. May**, 656 A.2d 1335, 1341 (Pa. 1995) ("[A]lthough the evidence of [the prior bad acts at issue] was undoubtedly of a prejudicial

---

[6] Notably, Appellant elected not to request an instruction limiting the jury's use of this evidence. Rather, Appellant took advantage of this testimony in an attempt to discredit the victim in the eyes of the jurors by suggesting that she confused the circumstances of the incident at issue with these prior allegations.

and potentially emotional nature, we do not believe that the trial court abused its discretion in deciding that the evidentiary value of the evidence outweighed its potential for prejudice.") We discern no basis on which to conclude that Appellant demonstrated a reversible abuse of discretion. Consequently, his claim fails.

Judgment of Sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2022