J-A10020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL GOLDEN | : | |
| | : | |
| Appellant | : | No. 514 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006519-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                                        **FILED JULY 1, 2024**

Michael Golden ("Golden") appeals from the judgment of sentence entered by the Philadelphia County Court of Common Pleas ("trial court") following his conviction of simple assault.[1]  On appeal, Golden challenges the sufficiency of the evidence to support his conviction.  We affirm.

On April 17, 2022, at around 12:30 p.m., Geneva Holland ("Holland") entered the Family Dollar store on Baltimore Avenue in Philadelphia, Pennsylvania.  As she was shopping in one of the aisles, Holland turned around to find Golden, who she was in the process of divorcing, approaching her.  A heated discussion ensued during which Golden asked Holland if they could discuss the terms of their divorce; Holland responded that he should discuss

---

[1]  18 Pa.C.S. § 2701(a).

it with his lawyer. Golden then pushed Holland and punched her in the face, causing her to fall backwards into metal shelving. A brief scuffle between Golden and Holland followed, and then Golden attempted to leave the store. Holland tried to prevent Golden from leaving the store because she was calling the police, and when he pushed past her, she kicked him in the groin.

On May 19, 2022, police arrested Golden and charged him with simple assault and recklessly endangering another person. On August 23, 2022, the Philadelphia Municipal Court found Golden guilty only of simple assault. Golden requested a trial de novo before the trial court. Golden proceeded to a bench trial on December 9, 2022, after which the trial court found him guilty of simple assault. On February 17, 2023, the trial court sentenced Golden to eighteen months of probation under the supervision of the domestic violence unit and issued a stay away order.

Golden timely appealed to this Court. Both the trial court and Golden have complied with Pennsylvania Rule of Appellate Procedure 1925. Golden now presents the following issue for review:

> Was the evidence presented insufficient to establish the offense of simple assault, where video evidence showed that [Golden]'s actions did not constitute an assault, and where [Holland]'s testimony, which contradicted the video, was fundamentally unreliable?

Golden's Brief at 4.

In the sole issue he raises on appeal, Golden argues that the evidence was insufficient to sustain his conviction of simple assault. *Id.* at 10-21.

Specifically, Golden contends that the surveillance video of the incident in question does not support a finding that he committed the statutory elements of simple assault.[2]  *Id.* at 14-21.  Golden asserts that the video shows him remaining calm during their interaction while Holland grew agitated, that he made no attempt to stop her from walking away, and that he only pushed her after she crowded against him and got in his face.  *Id.* at 16-17.  Golden further asserts that it is impossible to tell from the video whether he punched Holland.  *Id.* at 17.  Despite admitting that he pushed Holland, Golden maintains that not every unwanted or unpleasant physical contact constitutes a simple assault, and nothing about his behavior in the video reveals an actual injury or the intent to cause injury.  *Id.* at 10, 14-21.

Our Court's standard of review of a challenge to the sufficiency of the evidence is well settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

---

[2]  As the Commonwealth observes, Golden did not ensure that the surveillance video was included in the certified record on appeal.  *See* Commonwealth's Brief at 2 n.1; *see also* Pa.R.A.P. 1921, note ("Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.").  Nonetheless, the Commonwealth filed a petition to correct this omission pursuant to Pennsylvania Rule of Appellate Procedure 1926, and the trial court subsequently transmitted the video to this Court.  *See* Commonwealth's Brief at 2 n.1.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (quotation marks and citations omitted).

The Pennsylvania Crimes Code defines simple assault, in pertinent part, as attempting to cause, or intentionally, recklessly, or knowingly causing, bodily injury to another. 18 Pa.C.S. § 2701(a)(1). Section 2301 of the Crimes Code defines "bodily injury" as "[i]mpairment of physical condition or substantial pain." *Id.* § 2301. "Even if the victim does not sustain bodily injury, a person may be found guilty of simple assault if he acted with a specific intent to cause bodily injury." *Commonwealth v. Smith*, 305 A.3d 1, 9 (Pa. Super. 2023) (quotation marks, original brackets, and citation omitted).

Our review of the surveillance video reveals that Golden approached Holland in the Family Dollar store and the parties engaged in an intense discussion at close range. N.T., 12/9/2022, Exhibit C-1. The video then shows that Golden firmly shoved Holland, sending her careening into metal shelving, followed by Golden punching Holland at least once, and then a brief fracas between the two individuals. *Id.* The video also shows that Holland did not make physical contact with Golden prior to him shoving her. *Id.*

Moreover, the video corroborates Holland's trial testimony. Specifically, at trial, Holland stated that Golden approached her in the Family Dollar store, attempted to talk to her about the divorce, and when she told him to discuss it with his lawyer, he pushed her and then punched her in the face. *Id.* at 15-

16.   Holland also testified that she did not make any physical contact with Golden prior to the point where he pushed and punched her.  *Id.* at 16.  The trial court, which was free to believe all, part, or none of the evidence, found Holland's testimony credible.  Trial Court Opinion, 6/20/2023, at 3; *see also Juray*, 275 A.3d at 1042.

Based on the foregoing, we conclude that the evidence was sufficient to sustain Golden's conviction of simple assault, as the evidence supports a finding that Golden attempted to cause bodily injury to Holland and that Golden acted with the specific intent to cause bodily injury by pushing her and punching her with enough force to knock her into metal shelving units.  *See* 18 Pa.C.S. § 2701(a)(1); *see also Smith*, 305 A.3d at 9.  Golden's argument asks us to reweigh the evidence and view the surveillance video in the light most favorable to him, which would contradict our standard of review.[3]  *See Juray*, 275 A.3d at 1042.

Judgment of sentence affirmed.

_____

[3]  To the extent that Golden challenges Holland's credibility, this Court has explained that a review of the sufficiency of the evidence does not include an assessment of witness credibility.  *Juray*, 275 A.3d at 1043.  "Instead, such arguments are more properly characterized as challenges to weight of evidence," *id.* (citations omitted), a claim Golden neither raised nor preserved.  *See Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014) ("A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing.").

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2024