J-S14007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIA ASHLEY HAIRSTON | : | |
| | : | |
| Appellant | : | No. 124 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 24, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006340-2020

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:               **FILED MAY 14, 2025**

Appellant, Antonia Ashley Hairston, appeals from the judgment of sentence entered on July 24, 2023, in the Montgomery County Court of Common Pleas following her conviction of Driving Under the Influence and other summary traffic offenses.[1]  Appellant purports to challenge the weight of the evidence supporting her convictions.  After careful review, we affirm.

We glean the relevant factual and procedural history from the trial court opinion.  At approximately midnight on July 30, 2020, Appellant missed a turn and drove onto a railroad track, causing her vehicle to become stuck.  She exited the vehicle and a short time later, a freight train came around the bend and struck her vehicle.  Lower Merion Township Police Officers Angelo Bove

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. 3802(a)(1); 1543(a); 3714(a); and 1786(f), respectively.

and Corwin Wasson arrived shortly after the collision and encountered Appellant, who was "unsteady on her feet, smell[ed] strongly of alcohol, [had] red, glassy eyes, [and was] giggling and behaving incongruously with the gravity of the situation." Trial Ct. Op., 12/13/24, at 1.

Police observed in plain view an empty plastic cup, an empty liquor bottle, an empty malt-liquor bottle, and a full bottle of liquor in the vehicle and a full bottle of liquor in the trunk. The interior of the vehicle also "smelled strongly of alcohol." *Id.* Appellant told the police officers that she had consumed two beers earlier in the evening, and that other people had left the bottles in the car. She explained that she was not familiar with the area and was attempting to follow her phone's GPS home from a party when her vehicle became stuck on the tracks. When asked for identification, Appellant "fumbled around in the car, brought out a raft of papers, dropping some on the ground, and invited the officers to look through them. . . .[but] eventually admitted she didn't have[] a valid driver's license, nor [] proof of insurance." *Id.* at 2. Appellant failed standard field sobriety tests. Accordingly, the officers arrested her for DUI.

Following several delays, Appellant proceeded to a bench trial on July 24, 2023. Officers Bove and Wasson, as well as the train conductor and engineer, testified consistently with the above facts. Appellant testified, *inter alia,* that she had had only one beer that night.

The court found Appellant guilty of the above charges. It sentenced her to 72 hours to 6 months of incarceration, with credit for time served, for the DUI conviction, with no further penalty for the remaining convictions.

On August 3, 2023, Appellant filed a post-sentence motion asserting that "[t]he verdict rendered was against the weight of the evidence because Petitioner's consumption of alcohol was not a casual [*sic*] factor to the incident in question." Post-Sentence Motion, 8/3/23, at ¶ 2. The motion was denied by operation of law on December 7, 2023.

Appellant timely appealed. Although she filed an untimely Pa.R.A.P. 1925(b) Statement, the court issued a responsive Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Whether the verdict was against the weight of the evidence where the Commonwealth failed to prove that [] Appellant operated the vehicle under the influence.

Appellant's Br. at 4.

Before we address the merits of Appellant's claim, we must determine whether she has preserved it for our review. It is well-settled that a Rule 1925(b) statement must "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii); *see also* ***Commonwealth v. Juray***, 275 A.3d 1037, 1048 (Pa. Super. 2022) (stating that "to preserve a challenge to either the sufficiency or weight of the evidence on appeal, an appellant's Rule 1925(b) concise statement must state with specificity the elements or verdicts

for which the appellant alleges that the evidence was insufficient or against the weight of the evidence."). It is axiomatic that "[i]ssues not included in the Statement. . . are waived." Pa.R.A.P. 1925(b)(4)(vii).

In her Rule 1925(b) statement, the only claim Appellant raised was that "[t]he verdict was against the weight of the evidence because [Appellant's]consumption of alcohol was not a cause factor to the incident." Motion for Leave to File Concise Statement of Errors *Nunc Pro Tunc*, 3/19/24, at ¶ 21. In her brief, however, the only claim Appellant raises is "[w]hether the verdict was against the weight of the evidence where the Commonwealth failed to prove that [she] operated the vehicle under the influence." Appellant's Br. at 4. The issue raised in her brief challenges the sufficiency of the evidence supporting her conviction and was not raised in her Rule 1925(b) statement. Accordingly, we are constrained to find that Appellant has waived the only claim she raises on appeal. We, thus, affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2025

- 4 -