J-S21007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREVOR ALAN LAWYER | : | |
| | : | |
| Appellant | : | No. 1516 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000773-2020

BEFORE: BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                              **FILED JUNE 11, 2023**

Trevor Alan Lawyer appeals from the judgment of sentence of an aggregate term of fifteen to thirty-six months of incarceration following his convictions for obstructing administration of law and resisting arrest. We affirm.

We glean the following factual background from the trial transcript. On March 10, 2020, Pennsylvania State Police Troopers Kyler Hull and Tristen Shoopack were dispatched to Appellant's residence in response to a report of a domestic altercation between Appellant and his partner, Jessica Schmidt. The troopers encountered Ms. Schmidt at the end of Appellant's half-mile-long driveway and obtained her version of events. They advised her to stay there while they went to the house to speak with Appellant, who had a visible injury

_____

[*] Retired Senior Judge assigned to the Superior Court.

from the altercation. Ms. Schmidt walked back to the residence and began yelling at the troopers "as well as everyone who was in the residence," and the troopers took her into custody for assault. *See* N.T. Trial, 3/2/22, at 57. Ms. Schmidt resisted arrest but was ultimately placed in the police vehicle. When Appellant came out of the house during the process of getting her into the car, the troopers advised Appellant to remain at the house and not approach the vehicle, as they would be transporting Ms. Schmidt to the Franklin County Jail.[1]

Since Ms. Schmidt continued to act unruly, the troopers stopped at the end of the driveway to place restraints on her to prevent spitting and kicking. Appellant drove his vehicle to their location and got out. Trooper Hull informed Appellant what they were doing, directed Appellant to stay in his vehicle, and got in the police vehicle to leave. Instead, Appellant approached the police cruiser and opened the rear passenger door, which was unable to be opened from the inside, to let Ms. Schmidt out. The troopers exited the vehicle and informed Appellant he was under arrest. Appellant attempted to pull away and continued to resist being handcuffed after being tackled, informing the troopers that he was a state champion wrestler who was not going to be taken into custody. Trooper Hull ultimately was required to hit Appellant with three closed-fist strikes and two knee strikes to effectuate Appellant's arrest.

---

[1] In a separate case, Ms. Schmidt entered a guilty plea to charges stemming from the incident.

On March 2, 2022, a jury convicted Appellant of obstructing administration of law and resisting arrest but found him not guilty of disorderly conduct. Appellant was sentenced to the above-referenced term of incarceration on May 4, 2022. After Appellant's trial counsel withdrew, and appointed counsel was given multiple extensions of time to file a post-sentence motion, Appellant filed a motion stating two bases for reconsideration of his sentence. The trial court denied the motion by order of October 12, 2022.

This timely appeal followed. Appellant, after counsel obtained additional time to do so, complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Therein, Appellant contended, *inter alia*, that the trial court committed reversible error for denying his "post-sentence motion for judgment of acquittal" based upon the verdict not being supported by insufficient evidence and being against the weight of the evidence. The trial court thereafter submitted a Pa.R.A.P. 1925(a) opinion observing that Appellant had raised no such claims in his post-sentence motion but nonetheless addressing their substance.[2]

Appellant presents one issue for our review: "Did the trial court commit reversible error when it denied [Appellant's] post- sentence motion for a new trial on the basis that the verdicts were against the weight of the evidence?" Appellant's brief at 4.

---

[2] We laud the trial court for addressing the claims to the best of its ability despite its belief that they were not properly presented.

While Appellant's stated question appears to focus solely on claiming that the verdict was against the weight of the evidence, his argument also invokes a challenge to the sufficiency of the evidence and, at times, conflates the two. Our Supreme Court has explained the differences between the distinct challenges to a verdict as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751–52 (Pa. 2000) (cleaned up).

For our part, this Court conducts the same *de novo*, plenary review of a

sufficiency claim, but reviews a trial court's ruling on a weight claim for an abuse of discretion. **See**, **e.g.**, **Commonwealth v. Rivera**, 238 A.3d 482, 495 (Pa.Super. 2020).

Appellant, to the extent that he challenges evidentiary sufficiency, identified neither in his Rule 1925(b) statement nor his brief which conviction he assails or what elements of either were not proven. In his brief, he merely notes the charges and the fact that the troopers testified at trial. **See** Appellant's brief at 8. Appellant quickly moves on to his weight argument, asserting that "a review of all of the facts and evidence presented at trial show unequivocally that the jury's verdict was contrary to the weight of the evidence." **Id**. Specifically, Appellant suggests that his "testimony was credible and unequivocal that the events testified [to] by Troopers Hull and Shoopack did not take place in the manner that [the t]roopers testified they did." **Id**. at 9. Rather, as he and Ms. Schmidt testified, Appellant came to the end of the driveway when Ms. Schmidt screamed for help and asked what was going on, and, without notice, cause, or warning, the troopers threw him to the ground and began punching him. **See id**. at 9-10 (citing Ms. Schmit's testimony, N.T. Trial, 3/2/22, at 166-83). **See also** N.T. Trial, 3/2/22, at 205-09 (Appellant's testimony).

The trial court concluded that Appellant's bald, general assertion in his Rule 1925(b) statement that the trial evidence was insufficient was not a

properly-raised sufficiency claim.[3]  **See** Trial Court Opinion, 1/31/23, at 3.  We agree.  **See**, **e.g.**, **Commonwealth v. Arnold**, 284 A.3d 1262, 1279 (Pa.Super. 2022) ("If an appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient.  . . .  Where a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal." (cleaned up)).

Regarding Appellant's weight claim, the trial court and the Commonwealth contend that claim was not preserved for appellate review because it was not raised in an oral or written motion at any time prior to this appeal.  **See** Trial Court Opinion, 1/31/23, at 5-6;[4] Commonwealth's brief at 4.  Again, we agree.  Appellant did not raise a weight claim before sentencing and, despite being properly informed on the record of his post-sentence rights and the grant of additional time for newly-appointed counsel to file a post-sentence motion, a weight claim was not included therein with the sentencing challenges.  **See** N.T. Sentencing, 5/4/22, at 18-19; Order, 5/31/22 (granting

_____

[3]  The trial court nonetheless explained in its opinion why the evidence was sufficient to sustain both convictions.  **See** Trial Court Opinion, 1/31/23, at 3-5.  If waiver did not apply, we would reject Appellant's sufficiency challenges for the reasons stated by the trial court.

[4]  The trial court alternatively opined that the weight claim did not merit a new trial because no particular facts were "so clearly of greater weight that in ignoring them we deny justice to [Appellant]."  Trial Court Opinion, 1/31/23, at 7.  We discern no abuse of discretion on the part of the trial court in declining to give more weight to Appellant's self-serving testimony than the jury did.

extension of time to file post-sentence motion); Motion for Reconsideration of Sentence, 6/20/22 (moving solely for sentencing relief).

Accordingly, Appellant's weight claim is waived. **See** Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."); **Commonwealth v. Juray**, 275 A.3d 1037, 1047 (Pa.Super. 2022) ("An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." (cleaned up)).

As Appellant failed to present any claim entitling him to relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2023