J-S25028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MELVIN DAVIS | : | |
| | : | |
| Appellant | : | No. 2406 EDA 2022 |

Appeal from the PCRA Order Entered August 29, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0015706-2013

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 11, 2023**

Melvin Davis (Appellant) appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

During the summer of 2013, Complainant was 10 years old. She frequented a playground near her home, where she met another young girl, A. A. invited Complainant to her house, where Appellant, A.'s uncle, lived. When A. went upstairs to use the restroom, Appellant approached Complainant, pulled down her pants, and performed oral sex on her. Appellant invited Complainant into the house on several other occasions, and he sometimes gave Complainant money after he performed oral sex on her. Appellant also penetrated Complainant with his fingers and penis. Complainant eventually reported the crimes to her mother.

The Commonwealth charged Appellant with unlawful contact with a minor - relating to sexual offenses, corruption of minors, indecent assault - complainant less than 13 years of age, and rape of a child.[1] The case proceeded to a jury trial in May 2016. Relevant to this appeal, Appellant requested a mistrial based on questions submitted by the jury during deliberations.

This Court previously explained:

> The record reflects that during deliberations, the jury submitted the following question: "Are we to consider the reactions of members of the audience?" The trial court's answer to the question was, "No." The jury later submitted the following: "It was observed by members of the jury that members of the audience were coaching [Complainant] during her testimony. That's why we want to know if their reactions are to be considered." Appellant then moved for a mistrial, which the trial court denied. The trial court then summoned the foreperson, Juror No. 6, into chambers because the trial court saw the:
>
>> Need to ascertain what they're referring to. Because someone could be making a face that has nothing to do with -- remember, there were people in this audience that had nothing to do with this case, nothing, that were audience, and they may have reacted to something because of what they heard, and that could be perceived that way. So that's what I'm saying. We need to see what they're talking about before we jump ahead of ourselves and conclude that it's coaching when it could be a reaction, something they saw in the audience from people who have nothing to do with anything.
>
> [N.T., 5/3/16,] at 97.
>
> When the foreperson arrived in chambers, the following colloquy took place:

---

[1] **See** 18 Pa.C.S.A. §§ 6318(a)(1), 6301(a)(1)(ii), 3126(a)(7), and 3121(c).

> THE COURT: Concerning Question No. 4, it was observed by members of the jury that members of the audience were coaching [Complainant] during her testimony, that's why we want to know if her reactions are to be considered, now, what are you referring to?
>
> JURY FOREPERSON: A couple members of the jury said they saw whoever was sitting in the audience--
>
> THE COURT: Who in the audience, like on what side?
>
> JURY FOREPERSON: Wherever that group was that was sitting back in the audience while [Complainant] was testifying, they were, like, nodding to her or trying to coach her in some kind of way.
>
> ….
>
> [The jury foreperson did not personally observe any reactions in the audience.] The trial court then excused the jury foreperson, summoned each juror into chamber individually, and asked each juror whether he or she had observed any behavior from the audience. …

*Commonwealth v. Davis*, 209 A.3d 480 (Pa. Super. 2019) (unpublished memorandum at 6-8) (some internal citations omitted).

During the individual colloquies, four jurors confirmed seeing two or three people nodding during Complainant's testimony. *Id.* (unpublished memorandum at 8-9). Three of those jurors stated their observations would not affect their ability to be impartial. *Id.* (unpublished memorandum at 8-9). The fourth, Juror No. 12, told the trial court he believed the people in the audience were coaching Complainant, and it made him "sick to [his] stomach." *Id.* (unpublished memorandum at 9) (citing N.T., 5/3/16, at 109).

The trial court spoke to an alternate juror, who denied witnessing this audience behavior and stated that he could proceed as an impartial and unbiased juror. *Id.* (unpublished memorandum at 9). The trial court replaced Juror No. 12 with the alternate juror and instructed the jury to restart deliberations. *Id.* (unpublished memorandum at 10). Consequently, the trial court denied the defense motion for mistrial.

The jury convicted Appellant of unlawful contact with a minor - relating to sexual offenses, corruption of minors, indecent assault - complainant less than 13 years of age, and rape of a child. The trial court sentenced Appellant to an aggregate 25 to 50 years in prison. Appellant filed a post-sentence motion, which was denied by operation of law.

This Court affirmed Appellant's judgment of sentence on direct appeal. *Davis*, 209 A.3d 480 (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Davis*, 218 A.3d 401 (Pa. 2019).

On October 6, 2020, Appellant *pro se* filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on Appellant's behalf, and raised ineffective assistance of counsel claims. The Commonwealth filed a motion to dismiss the petition.

The PCRA court conducted a brief hearing on May 23, 2022. No evidence was introduced; rather, the PCRA court expressed its conclusion that Appellant's claims lack merit. After issuing Pa.R.Crim.P. 907 notice, the PCRA

court dismissed Appellant's PCRA petition on August 29, 2022. Appellant filed this timely appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant advances the following claims:

I. The PCRA court was in error in not granting relief on the issue that counsel was ineffective[.]

    A. Trial counsel provided ineffective assistance for failing to preserve key issues for appellate review.

II. Appellate counsel provided ineffective assistance by failing to raise [a] weight of the evidence claim on appeal[.]

III. The PCRA court was in error in failing to grant an evidentiary hearing on the above issues[.]

Appellant's Brief at 8.

"This Court's standard of review regarding an order [dismissing] a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017). "We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 789 (Pa. Super. 2015) (citation omitted)).

A PCRA petitioner does not have an absolute right to an evidentiary hearing. **Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019). "[I]f the PCRA court can determine from the record that no genuine

- 5 -

issues of material fact exist, then a hearing is not necessary." **_Id._** (citation and quotation marks omitted). The decision to grant or deny an evidentiary hearing is within the discretion of the PCRA court. **_See id._**

Appellant argues his counsel rendered ineffective assistance for failing to preserve certain key issues for direct appeal. Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. **_See Commonwealth v. Bennett_**, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate that "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." **_Commonwealth v. Franklin_**, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. **_See Commonwealth v. Roane_**, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted).

In his first claim, Appellant argues trial counsel was ineffective for failing to preserve for review four interrelated issues pertaining to the motion for mistrial made during jury deliberations. **_See_** Appellant's Brief at 16-18. According to Appellant, the trial court violated the procedures for replacing a principal juror with an alternate as set forth in Pa.R.Crim.P. 645(C). **_Id._** at 17. Appellant claims the trial court failed to ensure the alternate juror was not exposed to undue influence. **_Id._** Appellant also asserts the trial court

failed to inform the jury that Juror No. 12's removal was not the result of his views on the case, or properly instruct the reconstituted jury to begin deliberations anew. *Id.* Further, Appellant argues the removal of Juror No. 12, "because of his reaction to the witness coaching[,] further compounded the prejudicial errors created by spectator misconduct and violated the integrity of the jury function." *Id.* at 18. Appellate counsel raised these claims on direct appeal, but this Court deemed the issues waived.[2]

Appellant's argument contains only bald assertions that the trial court did not satisfy the procedures established in Rule 645(C). Despite his reliance on Rule 645(C), Appellant fails to set forth the relevant language of the Rule or meaningfully explain its application to his claim. Appellant's argument includes a cursory cite to a single case without further discussion. For this reason, we deem Appellant's first claim waived. Pa.R.A.P. 2119(a) (providing that argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating, "When the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).

---

[2] Appellant also raised a similar issue regarding his inability to combat the alleged witness coaching through cross-examination. This Court reviewed the trial court's colloquy of each juror, as well as its decision to replace Juror No. 12, and concluded Appellant suffered no prejudice. *See Davis*, 209 A.3d 480 (unpublished memorandum at 5-11).

- 7 -

Further, Appellant's argument contains no assertion that trial counsel's failure to preserve a weight of the evidence challenge lacked any reasonable basis. *See Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (stating that PCRA petition must address each ineffective assistance prong on appeal). Concerning prejudice, Appellant simply states that this Court "would have at least heard the issue and likely granted relief." Appellant's Brief at 16; *see also id.* at 17-18. Because of these deficiencies, Appellant's claim is waived for this reason as well.[3]

In his second claim, Appellant contends appellate counsel was ineffective for failing to challenge the weight of the evidence. *See* Appellant's Brief at 18. Appellant argues Complainant provided inconsistent accounts of her experience to various individuals during the investigation (including police, a hospital social worker, and the staff member at the Philadelphia Children's Alliance who conducted a forensic interview) and during the preliminary hearing. *See id.* at 20-21. Appellant claims the inconsistencies render

_____

[3] Even if we were to address the merits of Appellant's claim relating to the trial court's compliance with Rule 645(C), we would conclude it lacks merit for the reasons set forth by the PCRA court. *See generally* Rule 907 Notice, 8/8/22; *see also* N.T., 5/23/22, at 5-7 (PCRA court stating its conclusion that Appellant's claims lack merit); N.T., 5/4/22, at 12-15 (trial court colloquied alternate juror, determined alternate juror had followed the court's admonitions against researching or discussing the case, affirmed the alternate juror could proceed impartially and unbiased, and instructed the reconstituted jury to "start all over again fresh" with deliberations).

Complainant incredible, and Appellant's testimony "present[ed] a clearer explanation of what likely occurred." *Id.* at 22.[4]

Initially, Appellant does not assert counsel's failure to raise a weight claim on direct appeal lacked any reasonable basis to support his interest. *See Wholaver*, *supra*. For this reason, we could deem the claim waived. Nonetheless, we consider the merits.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Juray*, 275 A.3d 1037, 1047 (Pa. Super. 2022) (citation omitted).

After reviewing Appellant's weight claim, the PCRA court found the verdict did not shock the court's conscience. *See* N.T., 5/23/22, at 7-8; *see also Juray*, 275 A.3d at 1047 (explaining "to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the trial court." (citation and brackets

---

[4] Appellant also argues the evidence presented did not prove his guilt beyond a reasonable doubt. *See* Appellant's Brief at 20. However, this argument goes to the sufficiency rather than the weight of the evidence.

omitted)). Appellant essentially requests that this Court reassess Complainant's credibility and weigh the evidence in Appellant's favor. However, "in instances where there is conflicting testimony, it is for the jury to determine the weight to be given the testimony. The credibility of a witness is a question for the fact-finder." *Commonwealth v. Hall*, 830 A.2d 537, 542 (Pa. 2003) (citation omitted). Therefore, Appellant's second claim lacks arguable merit.

Finally, Appellant claims the PCRA court erred by failing to grant an evidentiary hearing. Appellant's Brief at 23-24. We reiterate that a PCRA petitioner does not have an absolute right to an evidentiary hearing. *Maddrey*, 205 A.3d at 328.

> To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Id.* (citation omitted).

Appellant does not identify any factual dispute that would warrant an evidentiary hearing in this case, nor does he point to any acts which, if proven, would entitle him to relief. *See id.* We discern no abuse of the PCRA court's discretion in dismissing Appellant's PCRA petition without a hearing. Thus, Appellant's final claim does not merit relief.

Order affirmed.

Judge McCaffery joins the memorandum.

- 10 -

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2023