J-S03041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANYOLIN ESTEBAN PEREZ | : | |
| | : | |
| Appellant | : | No. 944 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 29, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004285-2021

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: FEBRUARY 2, 2024**

Anyolin Esteban Perez ("Perez") appeals from the judgment of sentence imposed following his convictions in the York County Court of Common Pleas (the "trial court") of persons not to possess firearms, driving while operating privilege is suspended or revoked, and operation following suspension of registration.[1]   On appeal, Perez challenges the weight of the evidence supporting his persons not to possess firearms conviction.   Because we conclude that the trial court did not abuse its discretion in rejecting Perez's weight of the evidence claim, we affirm.

The trial court summarized the factual and procedural histories of this case as follows:

> The charges in this case stem from an incident that took place on July 29, 2021.  On that date at approximately 7:19 p.m.,

---

[1]  18 Pa.C.S. § 6105(a)(1); 75 Pa.C.S. §§ 1543(a), 1371(a).

Officers Shawn Wilson ("Officer Wilson"), Matthew Rupp ("Officer Rupp"), and Peter Fouad ("Officer Fouad") of the Group Violence Initiative (GVI) Unit were patrolling the west district of York City. [N.T., 10/18/2022, at 119]; Aff. of Probable Cause, July 29, 2021. At that time, Officers observed a gray Hyundai Elantra ("vehicle"). [N.T., 10/18/2022, at 149]. As part of regular patrol duties, officers ran the [vehicle]'s registration, and the results indicated that the registration was revoked, and that the vehicle belonged to an individual named Kaitlynn Torres [("Torres")]. *Id.* at 150.

Officers stopped the [vehicle] and encountered [Perez], the driver and sole occupant. *Id.* at 123. Due to the revoked vehicle registration, officers towed the [vehicle] to be impounded. *Id.* at 128. As part of routine procedure, officers conducted an inventory search prior to towing. *Id.* At that time, Officer Rupp located a firearm inside the passenger side glove box. *Id.* at 140. [Perez] was taken into custody, was advised of his *Miranda*[2] rights, and consented to provide a DNA sample. *Id.* at 128-29.

Prior to trial, [Perez] filed a [m]otion to suppress evidence, arguing that the search of the [vehicle] was not supported by reasonable suspicion. Def.'s Omnibus Pretrial Mot., [12/30/2021, at 4-6].

On April 8, 2022, a suppression hearing took place before the [trial court]. The court heard testimony from Officer Wilson and Officer Rupp, and argument by counsel. Following the hearing, [the trial court] denied [Perez]'s [m]otion. [N.T., 4/8/2022, at 36-40].

On October 19, 2022, after a jury trial, [Perez] was found guilty of [p]erson[s] [n]ot to [p]ossess a [f]irearm, pursuant to 18 Pa.C.S.[] § 6105(a)(1). [The trial court also found Perez guilty of the summary offenses of driving while operating privilege is suspended or revoked and operation following suspension of registration.] On March 29, 2023, [the trial court] sentenced [Perez] to six (6) to twelve (12) [years of] incarceration. At sentencing, [Perez's trial counsel] was permitted to withdraw as counsel. [N.T., 3/29/2023, at 15].

On April 5, 2023, [appellate counsel] was appointed to represent [Perez] on appeal. On April 10, 2023, [Perez] filed a

_____

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[m]otion for extension of time to file a [p]ost-[s]entence [m]otion, seeking additional time to review the trial and sentencing transcripts. On the same day, [the trial court] granted the motion.

On May [19], 2023, [Perez] filed his [timely] [p]ost-[s]entence [m]otion. On May 30, 2023, [the trial court] denied the [p]ost-[s]entence [m]otion.

On June 29, 2023, [Perez] filed a [timely] [n]otice of [a]ppeal to the Superior Court of Pennsylvania.

On July 3, 2023, [the trial court] directed [Perez] to file a [c]oncise [s]tatement of [e]rrors pursuant to Pa.R.A.P. [] 1925(b).

On July 24, 2023, [Perez] filed a [timely] [s]tatement of [m]atters [c]omplained of on [a]ppeal[.]

Trial Court Opinion, 9/5/2023, at 1-3 (footnote added).

On appeal, Perez presents the following issue for review:

The trial court misapplied the law or its decision denying a new trial was manifestly unreasonable based on the jury's weighing of the evidence presented at trial in support of a conviction when the DNA evidence showed (1) there were four major contributors' DNA found on the firearm; (2) that there was no test to determine whether [Perez's] DNA was placed on the firearm through actual touch or was secondary DNA as the result of transfer; (3) that the vehicle nor the gun were [Perez's], but instead [Perez's] girlfriend was the owner of both; (4) that there was no evidence presented how the firearm ended up in the glove box; and, (5) that [Perez] was cooperative during the traffic stop and cooperative with providing a DNA sample.

Perez's Brief at 4.

Perez argues that the jury's verdict for his persons not to possess a firearm conviction was against the weight of the evidence presented at trial.[3]

---

[3] Perez properly preserved this claim by first raising it in his post-sentence motion. *See* Post-Sentence Motion, 5/19/2023. Additionally, at trial, Perez stipulated that he "is a person prohibited by law from possessing, using,
*(Footnote Continued Next Page)*

*Id.* at 13. Perez asserts that the jury failed to consider that he was only one of four contributors of the DNA found on the firearm and that his DNA could have been transferred to the gun via Torres, who was the owner of the vehicle and the firearm as well as Perez's girlfriend.[4] *Id.* at 13-14. Perez further asserts that there was no evidence as to how the gun got into the vehicle's glove box. *Id.* at 13. Therefore, Perez contends that even though his DNA was found on the firearm, there were potentially three other individuals who could have placed the firearm in the glove box. *Id.* at 14. Lastly, Perez contends that the jury failed to appropriately weigh the evidence in light of the fact that he was fully cooperative with the police during the stop and consented to DNA testing. *Id.*

The following legal principles apply to a trial court's consideration of a challenge to the weight of the evidence supporting a conviction:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the

---

controlling, selling, transferring, manufacturing or obtaining a license to possess, use, control, sell, transfer or manufacture a firearm." N.T., 10/18/2022, at 147; *see also* 18 Pa.C.S. § 6105(a)(1).

[4] Although Perez initially claimed there were four major contributors of DNA on the firearm, he "acknowledges that testimony had Perez as a major contributor, two others are 'contributors,' and one as a trace contributor." Perez's Brief at 14 n.5.

evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the trial court.

*Commonwealth v. Juray*, 275 A.3d 1037, 1046-47 (Pa. Super. 2022) (quotation marks and citations omitted).

Our standard of review for weight of the evidence claims, however, differs from that of the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 1047 (citation omitted).

The record reflects that at trial, forensic DNA expert Megan Marshall testified that while there were four contributors' DNA on the firearm, only one of those four – Perez – was a major contributor. N.T., 10/18/2022, at 189-90. Pointedly, Marshall further testified,

[I]f you have a gun and the majority of the DNA is from a person, it is very likely that they handled that gun and it wasn't just transferred from a secondary transfer from touching something and that something touching the gun. So usually, if the DNA is in a high quantity and they're essentially a major

- 5 -

contributor, we would expect that they touched the item themselves and handled the item.

*Id.* at 192-93.

We conclude the trial court did not abuse its discretion in rejecting Perez's challenge to the weight of the evidence. *See* Trial Court Opinion, 9/5/2023, at 7. Although Marshall acknowledged the concept of secondary transfer and the possibility that Perez's DNA got onto the firearm via another contributor, *see* N.T., 10/18/2022. at 191-92, Marshall provided expert testimony that Perez, as the sole major contributor of DNA on the firearm, touched and handled the gun. *See id.* A jury, as the finder of fact, is free to believe or disregard any part of a witness' testimony. *Commonwealth v. James*, 297 A.3d 755, 768 (Pa. Super. 2023). Marshall's testimony further negates Perez's argument that his cooperation with the police requires a finding that the verdict was against the weight of the evidence. *See id.* (stating that a jury, sitting as fact finder, "is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses").

Upon our review of the record, we discern no abuse of discretion by the trial court in determining that the jury appropriately weighed the evidence before it and that its verdict convicting Perez of persons not to possess firearms did not shock the conscience. *See Juray*, 275 A.3d at 1046-47. To the extent Perez requests that we re-weigh the evidence, we decline to do so. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of

- 6 -

the finder of fact") (citation omitted). As his challenge to the weight of the evidence is the sole issue Perez presents for our review, he is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/2/2024