J-A05038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CLARK | : | |
| | : | |
| Appellant | : | No. 187 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 30, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005713-2021

BEFORE:    DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                        **FILED APRIL 12, 2024**

Michael Clark ("Clark") appeals from the judgment of sentence imposed following his convictions for rape of a child[1] and related offenses.  We affirm.

A detailed recitation of the underlying facts is not necessary for our disposition.  Clark was charged with committing sexual offenses against his girlfriend's eleven-year-old younger sister ("the victim.")  At the non-jury trial, the victim testified about specific instances of Clark's conduct.  Clark did not present any evidence.  The trial court found Clark guilty of rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a child, sexual assault, indecent assault of a person less than thirteen years of age,

_____

[1] **See** 18 Pa.C.S.A. § 3121(c).

indecent exposure, and corruption of minors.[2]  The trial court imposed an aggregate sentence of fourteen to thirty-two years' imprisonment, to be followed by three years of probation.

Clark filed a post-sentence motion, which was denied.  Clark then filed a timely notice of appeal, and in response to the trial court's subsequent order, he timely filed a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal.  The trial court then filed its opinion.

Clark raises the following issues for our review on appeal:

I.  Was the evidence sufficient to convict . . . Clark, where the [victim's] testimony contravened human experience and the laws of nature?

II.  Did the trial court err and abuse its discretion by denying . . . Clark's post-sentence motion challenging the weight of the evidence, where the [victim's] equivocal and contradictory testimony rendered the evidence so unreliable that the verdict was based on pure conjecture?

Clark's Brief at 7.

For ease of discussion, we review Clark's arguments for both of his claims together.  First, Clark avers that the evidence was insufficient to sustain his convictions.  In support, he challenges the victim's testimony — that while her older sister (Clark's girlfriend) went upstairs in their home, Clark exposed his penis to her, and later, when her sister briefly left the house, Clark forced

_____

[2] **See** 18 Pa.C.S.A. §§ 3122.1(b), 3123(b), 3124.1, 3126(a)(7), 3127(a), 6301(a)(1)(ii).

- 2 -

his penis into the victim's mouth and touched her breasts and buttocks. Clark contends that because the victim's sister was upstairs "merely for moments," it "defies reality" that he had the time and opportunity to plan and commit a sexual assault. Clark's Brief at 14. In addition, Clark avers that the victim did not tell investigators "anything about [him] putting his penis in her mouth, but then revised that story after" talking with her mother, who has "admitted to harboring animosity toward" him. *Id*. at 15. Clark concludes the victim's testimony "contradicted human experience and the laws of nature[, a]nd was inconsistent on the most critical facts." *Id*. Clark thus claims the trial court should not have credited it.

In his second issue, Clark avers that the trial court erred in "denying [his] post-sentence motion challenging the weight of the evidence because the [victim's] equivocal and contradictory testimony rendered the evidence so unreliable that the verdict was based on pure conjecture." *Id*. In support, Clark contends that the direct and circumstantial evidence proved only that he was introduced to and exchanged texts with the victim and did not establish any "untoward relationship." *Id*. He refers to his first issue and avers again that the victim's testimony contravened human experience, was contradictory, and was "so unreliable that the verdict was based on 'pure conjecture.'" *Id*. at 16.

This Court has addressed the distinction between claims challenging the weight of the evidence and the sufficiency of the evidence:

- 3 -

A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but claims that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice."

A claim challenging the sufficiency of the evidence, however, asserts that there is insufficient evidence to support at least one material element of the crime for which [the defendant] has been convicted.

**Commonwealth v. Lyons**, 833 A.2d 245, 258 (Pa. Super. 2003) (citations omitted and paragraph break added). Further, this Court has "explained that a sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth," and instead, such an argument goes to the weight of the evidence. **Commonwealth v. Juray**, 275 A.3d 1037, 1043 (Pa. Super. 2022) (citation omitted). When an appellant phrases an issue as a sufficiency claim, but his argument instead goes to the weight of the evidence, the challenge to the sufficiency of the evidence must fail. **Commonwealth v. Small**, 741 A.2d 666, 672 (Pa. 1999).

All of Clark's arguments, that the victim's testimony "contravened human experience and the laws of nature," was inconsistent, and was influenced by her mother, go to the victim's credibility. **See Juray**, 275 A.3d at 1043. Thus, we conclude that Clark's purported sufficiency claim in fact

goes to the weight of the evidence, and we review both his first and second claims as challenges to the weight of the evidence.[3]

However, before we address the merits of Clark's weight of the evidence claims, we must determine whether he preserved them for our review. Pennsylvania Rule of Criminal Procedure 607(A) provides:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;

_____

[3] Moreover, even if Clark had presented a proper sufficiency claim, we would conclude he has waived it for a deficient Rule 1925(b) statement. "If [an] appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient." **Commonwealth v. Williams**, 959 A.2d 1252, 1957 (Pa. Super. 2008) (citation omitted).

Clark raised a sufficiency claim in his Rule 1925(b) statement as follows:

> . . . The evidence was insufficient as a matter of law to prove each charge beyond a reasonable doubt because the [victim's] testimony contravened human experience and the laws of nature. **See Commonwealth v. Santana**, 333 A.2d 876 (Pa. 1975) ("Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.").

Clark's Statement of Matters Complained of on Appeal, 2/23/23, at 1-2.

Clark's Rule 1925(b) statement states in boilerplate fashion that evidence was insufficient to support his convictions. Clark was convicted of seven offenses: rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a child, sexual assault, indecent assault of a person less than thirteen years of age, indecent exposure, and corruption of minors. However, his Rule 1925(b) statement failed to specify which offense, let alone which element of which offense, he wishes to challenge. **See Williams**, 959 A.2d at 1957.

(2) by written motion at any time before sentencing; or

(3) in a post sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Pa.R.Crim.P.607, *Comment*. "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." **Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014) (citations omitted).

Clark did not preserve a weight of the evidence claim orally before or at his sentencing hearing. His post sentence motion challenged only the length of his sentence. Therefore, Clark did not preserve a weight of the evidence claim, and we conclude it is waived. **See** Pa.R.Crim.P. 607(A)(1)-(3); **see also Thompson**, 93 A.3d at 490.

Based on the foregoing, we conclude Clark is not entitled to relief and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date:   4/12/2024