J-S26040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DIEGO ROSARIO PLASENCIA | : | |
| | : | |
| Appellant | : | No. 1013 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 20, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002068-2021

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED SEPTEMBER 02, 2025**

Diego Rosario Plasencia ("Plasencia") appeals from the judgment of sentence imposed by the Berks County Court of Common Pleas ("trial court") following his conviction of possession of a firearm with an altered manufacturer's number, possession of a controlled substance, possession with the intent to deliver a controlled substance, and possession of drug paraphernalia.[1] On appeal, Plasencia challenges the sufficiency of the evidence to support his possession of a firearm with an altered manufacturer's number conviction, and raises claims of prosecutorial misconduct. After careful review, we affirm.

---

[1] 18 Pa.C.S. § 6110.2(a); 35 P.S. § 780-113(a)(16), (30), (32).

Police officers observed Plasencia's sale of heroin and fentanyl to undercover officers on May 4, 2021, and May 12, 2021. As a result, on May 14, 2021, detectives executed a search warrant for a home located in Reading, Pennsylvania connected to Plasencia. In the residence, detectives recovered several documents bearing Plasencia's name and address, including a renewal notice for Plasencia's driver's license and a notice from an outstanding bill. In the residence's middle bedroom located on the second floor, detectives encountered Plasencia's wife, Carolina Hernandez ("Hernandez") and a baby, and found 104 grams of heroin, digital scales, and packaging material in a suitcase by the crib. The detectives noted that the rear bedroom on the second floor was connected to the middle bedroom. There they found a .22 caliber handgun with the serial number scratched out between the box spring and the mattress. Detectives observed Hernandez's mother on the second floor of the residence, but did not locate Plasencia in the home.

Detectives proceeded to an apartment in Wyomissing, Pennsylvania, another address associated with Plasencia. Plasencia answered the door at this apartment and consented to a search of the premises. In the apartment, detectives found a clear bag with 0.9 grams of heroin and fentanyl and various firearm rounds along with his current driver's license that listed the Reading house as his address. Plasencia later told the detectives that he had been to his home the evening before and that there should be less than 100 grams of

the drug mixture located on the property. Detectives arrested Plasencia, and the Commonwealth charged him with numerous crimes.

The case proceeded to a jury trial in August 2022. Plasencia failed to appear for the second day of trial and evaded police on an outstanding bench warrant for approximately a year and a half. The jury found Plasencia guilty of the above charges in absentia. After police apprehended Plasencia, the trial court sentenced him to an aggregate term of nine to eighteen years in prison. Plasencia filed a timely notice of appeal.

Plasencia raises four issues on appeal:

1. Was the evidence sufficient as a matter of law to prove constructive possession of the firearm in the bedroom, not [Plasencia's,] with no fingerprints or DNA on the firearm?

2. Was the evidence sufficient as a matter of to [sic] sustain the conviction of possession of firearm with obliterated serial number?

3. Was it error, prosecutorial misconduct, to reference other guns other than the gun in question?

4. Was it error, prosecutorial misconduct[,] to refer in closing argument that [Plasencia] having a gun was "to take the law into his own hands" without any evidence to substantiate such a prejudicial assertion?

Plasencia's Brief at 5.

## **Sufficiency of the Evidence**

Because Plasencia's first and second issues are related, we will address them together. Plasencia argues the evidence was insufficient to support his constructive possession of the firearm found in the rear bedroom of the

- 3 -

Reading home. *Id.* at 8. Plasencia argues that there were no fingerprints linking him to the gun, no DNA evidence attributable to him on the firearm (but DNA from two unidentified contributors was discovered), no evidence was presented that the firearm was found in his bedroom, there were three other adults residing in the home who may be the owner of the firearm, and ammunition for other firearms was found in his residence but none for the hidden firearm. *Id.* at 8-10. He further notes that the detectives did not find him at the house in Reading. *Id.* at 9. Plasencia concludes that because there was no evidence that he ever possessed the firearm, the evidence was insufficient to convict him of possession of a firearm with a removed manufacturer's number. *Id.* at 10.

Our court's standard of review of a challenge to the sufficiency of the evidence is well settled:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (quotation marks and citations omitted).

The Pennsylvania Crime Code defines possession of a firearm with an altered manufacturer's number as follows:

**(a) General rule.--**No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated.

\* \* \*

**(c) Definition.--**As used in this section, the term "firearm" shall have the same meaning as that term is defined in section 6105(i) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms), except that the term shall not include antique firearms as defined in section 6118 (relating to antique firearms).

18 Pa.C.S. § 6110.2(a), (c).

Plasencia only disputes the element of possession and does not contest that the manufacturer's number was altered, changed, or obliterated.[2] "[P]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). If the tampered firearm was not discovered on the defendant's person, the Commonwealth must establish defendant had constructive possession of the firearm. ***Commonwealth v. Smith***, 146 A.3d 257, 263 (Pa. Super. 2016).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid

---

[2] The Commonwealth presented an image of the firearm at trial where the serial number is clearly scratched and illegible. ***See*** Commonwealth Ex. 1, Slide 36. Plasencia did not object at trial to the admittance of the image of the firearm and does not contest that the serial number of the discovered firearm is impaired in violation of section 6110.2(a). N.T. 8/24/2022, at 106.

application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

[A] defendant's mere presence at a place where contraband is found or secreted is insufficient, standing alone, to prove that he exercised dominion and control over those items. Thus, the location and proximity of an actor to the contraband alone is not conclusive of guilt. Rather, knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession.

If the only inference that the fact finder can make from the facts is a suspicion of possession, the Commonwealth has failed to prove constructive possession. It is well settled that facts giving rise to mere association, suspicion or conjecture, will not make out a case of constructive possession.

*Parrish*, 191 A.3d at 36-37 (citations and quotation marks omitted).

At trial, Detective George Taveras testified that after two controlled buys with Plasencia, he and another officer applied for a search warrant for Plasencia's residence at the Reading residence. N.T., 8/24/2022, at 88-89. Detective Tavaras described the house as a two-story row home, with the first floor containing a living room, a dining room, and a kitchen, and the second floor containing three bedrooms and a bathroom. N.T., 8/24/2022, at 93-94. Detective Taveras noted that the middle bedroom had a door that led to the rear bedroom in the house, which was the only access point to that bedroom. *Id.* at 94, 95-96; *see also* Commonwealth Ex. 1, Slides 25-26 (pictures of

the home which established the middle and rear bedrooms were connected by a door). Detective Taveras testified that "pretty much all of the evidence was found between those two rear-most bedrooms, the middle bedroom and the rear bedroom, the one that's kind of accessed from the back of that middle bedroom." *Id.* at 99-100.

In the middle bedroom, Detective Taveras testified that he and another officer encountered Plasencia's wife and child, along with various personal effects, the child's crib, and a photograph of Placencia and the baby; they also found a heroin fentanyl mixture and various distribution supplies including scales and small bags. *Id.* at 95, 100-05, 109-10. There were men's clothing discovered in the bedroom, including worn jeans and a t-shirt. *Id.* at 109-10; *see also* Commonwealth Ex. 1, Slides 41-42.

Detective Taveras testified that the firearm with the scratched out serial number was discovered between the mattress and box spring in the rear bedroom. *Id.* at 106-07. There were men's and women's clothes strewn across the bed and floor. *See* Commonwealth Ex. 26 (picture of rear bedroom with bed where gun was found). Plasencia's vehicle registration renewal and his mail was discovered at the home in Reading. *Id.* at 109; *see also id.* at 121 (Detective Christopher Blauser testified that detectives found Plasencia's driver's license at the apartment and noted that his listed address was the Reading house).

Based on the totality of the circumstances, and viewing the evidence in the light most favorable to the Commonwealth, the fact finder could reasonably infer that Plasencia lived in the home in Reading, Plasencia's bedroom was the middle bedroom, and he had full and complete access to the rear bedroom where the firearm was discovered as the only access point was through Plasencia's bedroom. **See** Trial Court Opinion, 10/31/2024, at 9 (finding Plasencia constructively possessed the firearm as the evidence established he lived in the residence, the bedrooms had the gun, drugs, drug paraphernalia, his clothes and a picture of Plasencia and the baby). Further, the fact that Plasencia was not the only person who lived in the residence did not render the evidence insufficient to prove constructive possession, because more than one person may have constructive possession of the firearm at the same time. **See Commonwealth v. Johnson**, 611 Pa. 381, 26 A.3d 1078, 1094 (Pa. 2011) (concluding that one or more individuals may be deemed to have constructive possession of contraband where the item is in an area of joint control and equal access); **see also Commonwealth v. Wright**, 255 A.3d 542, 554 (Pa. Super. 2021). Additionally, the fact that Plasencia's DNA was not found on the firearm does not negate the inference that he exercised dominion and control over the firearm. **See Parrish**, 191 A.3d at 36. Therefore, the evidence presented at trial is sufficient to establish that Plasencia possessed a firearm with a tampered manufacturer's number pursuant to section 6110.2(a). **See Commonwealth v. Walker**, 874 A.2d

667, 678 (Pa. Super. 2005) (concluding that there was sufficient evidence to establish the appellant constructively possessed the contraband found in basement of a home, which had a bathroom, a bedroom with men's clothes, and an office with mail addressed to the appellant); **see also Commonwealth v. Hill**, 210 A.3d 1104, 1115 (Pa. Super. 2019) (finding constructive possession of a firearm with a tampered manufacturer's number where police discovered the firearm in defendant's residence and among his personal items).

In Plasencia's final two claims he argues that two sections of the Commonwealth's closing argument at trial were prejudicial. Plasencia's Brief at 10-14. He asserts that statements made to the jury that Plasencia owned firearms in addition to the firearm at issue, and that the jurors should "take the law into their own hands" in order to protect themselves erroneously inflamed the jury. **Id.**

The record reflects, however, that Plasencia's counsel did not raise any objections during the Commonwealth's closing arguments at trial or request a mistrial or curative instruction. N.T., 8/25/2022, at 170-180; **see also** Trial Court Opinion, 10/31/2024, at 10. Therefore, the claims are waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Arrington**, 86 A.3d 831, 854 (Pa. 2014) (finding counsel's failure to object or request a

mistrial to the prosecutor's prejudicial closing arguments at trial constitutes waiver pursuant to Pa.R.A.P. 302(a)).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/02/2025