J-A24014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                      :  PENNSYLVANIA
                                      :
              v.                        :
                                      :
                                      :
RONALD WARREN                  :
                                      :
           Appellant           :  No. 1056 MDA 2024

Appeal from the Judgment of Sentence Entered May 14, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003152-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:          **FILED: OCTOBER 29, 2025**

Ronald Warren ("Warren") appeals from the judgment of sentence imposed by the Dauphin County Court of Common Pleas ("trial court") following his conviction of aggravated assault.[1]  Warren argues that the evidence was insufficient to support his conviction and the verdict was against the weight of the evidence.  Upon review, we affirm.

On May 16, 2017, Warren and David Samuel ("Samuel") were both hanging out at a lot where individuals would congregate and drink beer. Warren had been sitting in a chair and upon Warren getting up and walking away, Samuel took this chair.  After a few minutes, Warren returned, pushed Samuel, and told him to "get the fuck out of [his] chair."  Samuel got up and

---

[1] 18 Pa.C.S. § 2702(a)(1).

went to sit on a wall in a different part of the lot. While speaking to another individual and facing the opposite direction from Warren, Samuel heard someone say, "look out." Samuel turned and was almost immediately struck on the forehead with a baseball bat, causing him to fall to the ground. Once he was on the ground, Samuel observed Warren standing over him with the baseball bat. Warren then swung the bat at Samuel, striking his left leg, and ran away from the lot.

Samuel was hospitalized for approximately seventeen days. He suffered a minor injury to his head, which required no medical intervention, as well as a comminuted proximal fracture to his tibia and fibula, which required two surgeries. On July 10, 2017, Samuel identified Warren as his attacker in a photo array. Police subsequently arrested Warren and the Commonwealth charged him with aggravated assault.

On April 17, 2024, the case proceeded to a jury trial, following which the jury found Warren guilty of aggravated assault. The trial court sentenced Warren to seven and one-half years to fifteen years in prison. Warren filed a post-sentence motion seeking modification of his sentence and arguing the verdict was both legally insufficient and against the weight of the evidence. The trial court denied the motion. Warren filed a timely notice of appeal and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Warren raises the following issues for our review:

A. Whether the trial court erred in accepting the jury's verdict where the Commonwealth failed to present sufficient evidence [Warren] caused serious bodily injury[?]

B. Whether the trial court erred in accepting the jury's verdict which was contrary to the weight of the evidence presented which established [Warren] acted in self-defense[?]

Warren's Brief at 4 (unnecessary capitalization omitted).

**Sufficiency of the Evidence**

Warren first claims the Commonwealth failed to present sufficient evidence to support a finding that he caused Samuel serious bodily injury. *Id.* at 10. He contends that Samuel's head injury was not serious and did not carry a significant risk of death. *Id.* at 12. Warren also argues that the injury to Samuel's leg did not constitute serious bodily injury as the risk of mortality was less than one percent and he was able to walk again. *Id.* at 13-14. He likens Samuel's injuries to *Commonwealth v. Predmore*, 199 A.3d 925, 933 (Pa. Super. 2018) (en banc), wherein this Court found that "the use of a deadly weapon directed at a vital organ of another human being justifies a factual presumption that the actor intended death," but that because appellant shot the calves of his victim, which are not considered vital organs, that the presumption was not applicable. Warren's Brief at 13.

We review a challenge to the sufficiency of the evidence pursuant to the following standard:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all

reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the [factfinder] to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the [factfinder].

*Commonwealth v. Scott*, 325 A.3d 844, 849 (Pa. Super. 2024) (citation omitted).

"A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Commonwealth v. Santiago*, 294 A.3d 482, 485 (Pa. Super. 2023) (citation omitted). If the victim suffers serious bodily injury, the Commonwealth does not need to prove specific intent to establish aggravated assault, but only needs to prove the defendant acted recklessly under circumstances manifesting extreme indifference to the value of human life. *Commonwealth v. Burton*, 2 A.3d 598, 602 (Pa. Super. 2010) (en banc).

Samuel testified that he was hospitalized for seventeen days and had to undergo two surgeries after Warren attacked him with a baseball bat. N.T., 04/16/2024, at 73-74, 112-113. The blow to Samuel's leg shattered both his tibia and fibula. *Id.* at 113. Dr. Matthew Garner, a board-certified orthopedic trauma surgeon, identified some of the immediate and long-term concerns associated with Samuel's injuries, including the possibility of malignment of the bones, the development of osteoarthritis, and serious risks associated with the surgery required to treat Samuel's injury. *Id.* at 118-19, 121. Samuel still had a limp and was walking with a cane at the time of trial, nearly seven years after the incident. *Id.* at 74. Samuel testified that he expects to walk with a cane for the rest of his life. *Id.* at 74, 122. Samuel also had a scar on his head at trial from where Warren struck him with the baseball bat. *Id.* at 71.

Viewed in the light most favorable to the Commonwealth, as our standard of review requires, we conclude the evidence was sufficient to establish Samuel suffered serious bodily injury. Samuel's injuries from the proximal fracture to his tibia and fibula required two surgeries and rendered him unable to walk without the use of a cane to aid him. *See Santiago*, 294 A.3d at 485. Additionally, Warren acted recklessly in swinging a baseball bat at Samuel's head and leg and caused the serious impairment of Samuel's leg. *See Burton*, 2 A.3d at 602.

Warren's reliance on **Predmore** is misplaced. Although Warren is correct that in **Predmore**, this Court stated that the calf is not a vital body part, this determination was based upon the evidentiary requirement that the defendant acted with specific intent. **See Predmore**, 199 A.3d at 931-32. In the case at bar, Warren need not have specifically intended to harm Samuel; it is sufficient that the evidence established that he behaved recklessly in causing Samuel serious bodily injury. **See Burton**, 2 A.3d at 602. As such, whether Warren inflicted serious bodily injury on a vital part of Samuel's body is irrelevant. Therefore, the evidence was sufficient to support Warren's aggravated assault conviction.

## Weight of the Evidence

Warren further contends the verdict was contrary to the weight of the evidence. Warren's Brief at 14.[2] He argues that his testimony established that he acted in self-defense, as Samuel stabbed Warren two or three times with a knife, and Warren responded by hitting Samuel with the bat. **Id.** at 14-15. He asserts that there was no evidence to suggest he attacked Samuel without provocation, as Samuel's testimony was too vague and uncertain to justify the conviction. **Id.** at 15-16.

---

[2] In his brief, Warren mistakenly refers to his "sexual assault conviction" rather than his aggravated assault conviction. Warren's Brief at 14. The body of his argument, however, relates to his aggravated assault conviction. As he was not convicted of sexual assault at this trial, we conclude this was a typographical error.

The following legal principles apply to a trial court's consideration of a challenge to the weight of the evidence supporting a conviction:

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague [,] and uncertain that the verdict shocks the conscience of the trial court.

*Commonwealth v. Juray*, 275 A.3d 1037, 1046-47 (Pa. Super. 2022) (quotation marks and citations omitted).

Our standard of review for weight claims, however, differs from that of the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 1047 (citation omitted).

A defendant is justified in using force against another "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S. § 505(a). A claim of self-defense requires

> evidence that the defendant (a) ... reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat.

*Commonwealth v. Kennedy*, 332 A.3d 133, 140 (Pa. Super. 2025) (citation omitted). "The burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense." *Commonwealth v. McClendon*, 874 A.2d 1223, 1230 (Pa. Super. 2005). "It remains the province of the jury to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat." *Id.*

At trial, Warren testified that Samuel stabbed him two or three times with a knife and as he fell from fending off the attack, he grabbed a bat and hit Samuel with the bat. N.T., 4/16/2024, at 168-69; *see also id.* at 169 (admitting that he "intended to hurt [Samuel] at that point"). However, Warren admitted that he did not report Samuel's alleged knife assault to the police. *Id.* at 178-80. The record further reflects, however, that Warren made a phone call while incarcerated to an individual who was not at the assault,

seeking for that person to testify in court that Samuel attacked Warren with a knife and that Warren acted in self-defense. *Id.* at 151.

Samuel testified that after Warren yelled at him to get out of his chair, he sat on a wall in a different part of the lot from Warren. *Id.* at 67-69. Warren then came from behind and struck Samuel in the head and leg with a baseball bat. *Id.* at 70-72.

The trial court rejected Warren's weight of the evidence challenge, concluding that "the jury found the testimony of the Commonwealth's witnesses credible." Trial Court Opinion, 09/26/2024 at 11. We find no abuse of discretion in the trial court's decision, as the record supports the trial court's finding that the evidence was not consistent with a finding of self-defense. Warren asks this Court to reweigh the evidence in his favor and find that his testimony is dispositive proof of his innocence. The jury, however, is the arbiter of credibility, and is free to believe or disregard any part of a witness' testimony. *See Juray*, 275 A.3d at 1046-47; *see also Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact") (citation omitted). The jury heard the testimony, including Warren's account of what occurred, weighed the evidence, and rendered a guilty verdict, which the trial court found was supported by the evidence presented. Therefore, Warren's weight claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/29/2025