J-S41035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD LEE DAVID, | : | |
| | : | |
| Appellant | : | No. 1557 EDA 2025 |

Appeal from the Judgment of Sentence Entered May 15, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003069-2024

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 23, 2026**

Appellant, Gerald Lee David, appeals from the judgment of sentence imposed by the Court of Common Pleas of Montgomery County after the trial court found him guilty of driving under the influence (DUI) of a controlled substance.[1] Appellant challenges the sufficiency and weight of the evidence sustaining his DUI conviction. After review, we affirm.

The trial court summarized the factual and procedural history of this case as follows:

> A bench trial was held on February 27, 2025, at which Trooper John Hoy of the Pennsylvania State Police testified as the sole witness. Trooper Hoy detailed his law enforcement training and experience, and [] he explained that[,] in addition to being trained in standardized field sobriety testing[,] he has [] advanced

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S. § 3802(d)(2).

roadside impairment training. In his experience as a trooper, he stated that almost every shift he encounters people that are impaired on alcohol and/or drugs. He can recognize when an individual is impaired, both by alcohol and narcotics, based on many indicators, which he detailed for this court. Particular to this case in which he determined Appellant was impaired by a stimulant, the trooper explained that some of the indicators are rapid speech patterns, whether an individual will have a rapid speech pattern and[,] as a result[,] will stutter and stumble over words. Physically, the individual will demonstrate irregular jerky movements and be unable to sit still.

* * *

On January 1, 2024, at around 10:00 p.m., Trooper Hoy conducted a traffic stop at Water Street and Fruitville Road, Upper Hanover Township, Montgomery County. In the lead up to a traffic stop, the trooper observed that the vehicle had a brake light out and the tag light was not working. As the vehicle was traveling down Water Street, it [] weav[ed] over the double yellow line numerous times. When Trooper Hoy made contact with the driver,[who Trooper Hoy identified as Appellant, Trooper Hoy] observed that Appellant was dirty, disheveled, and restless. [Appellant's] speech was mumbled and stuttered. Appellant told the trooper that he was going to work at 10:00 p.m. at a construction site in Ea[st] Greenville Borough, which sounded suspicious in that it was at night on New Year's Day. Additionally, Appellant had bloodshot eyes. All these factors led the trooper to suspect that Appellant was impaired.

Next, Trooper Hoy asked Appellant to step out of the vehicle[,] and he began field sobriety testing. He did not see any indicators in the [Horizontal Gaze Nystagmus ("HGN")] testing. However, on the walk-and-turn test[,] there were a number of indicators [of intoxication]. A video of the traffic stop was played for the court. The trooper narrated as to what the indicators were in that testing, namely, [that] Appellant started walking before the trooper told him to begin, he used his arms for balance which is not permitted, Appellant's turn was not how he was instructed, and[,] on the nine steps back[,] he stumbled over his feet several times, stepping off of the line, an[d] missing heal to toe. A video of the one-legged stand field test was played, and it showed that Appellant had to use his arms for balance, he swayed back and forth and put his foot down. Further, the trooper had Appellant perform the Modified Romberg test, and narrated the video stating that[,] in

- 2 -

this test[,] you ask the individual to estimate 30 seconds, and that five seconds above and below are considered normal; however, Appellant got to 30 seconds in a 15[-]second duration. Moreover, the trooper noticed that Appellant had eyelid tremors, which may be indicative of narcotics use.

Finally, [the trooper] observed white residue in Appellant's nostrils. All of these indicators together with the trooper's observations of Appellant's driving and those he made in his interaction with Appellant led him to believe that Appellant was impaired, and under the influence of a drug or combination of drugs that rendered him incapable of safely driving.

A vehicle inventory search turned up a white, crystal-like substance that was packed in a plastic bag[]. The weight was about one ounce. It was field tested to be positive for methamphetamine.

At the conclusion of the evidence and closing arguments, this court found Appellant guilty of DUI/Unsafe Driving - Controlled Substance, graded as a misdemeanor pursuant to 75 Pa.C.S. [§] 3802(d)(2).

On May 15, 2025, Appellant was sentenced to a mandatory term of 72 hours to 6 months' imprisonment.

Trial Court Opinion, 8/1/25, at 2-5 (unnecessary capitalization and record citations omitted; section break added).

Appellant did not file a post-sentence motion. However, Appellant timely filed a notice of appeal, and he and the court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Notice of Appeal, 6/11/25; Rule 1925(b) Order, 6/11/25; Rule 1925(b) Statement, 6/30/25; Trial Court Opinion, 8/1/25.

Appellant presents two issues for review:

I. Was the evidence at trial sufficient to sustain a conviction for [DUI]?

II. Was the guilty verdict for [DUI] against the weight of evidence?

Appellant's Brief at 5 (unnecessary capitalization omitted).

First, Appellant challenges the sufficiency of evidence supporting his DUI conviction. **See** Appellant's Brief at 10. Initially, we note that the trial court states that Appellant waived his sufficiency of evidence claim because he did not specify in his Rule 1925(b) statement the element or elements of his conviction upon which the evidence was allegedly insufficient. **See** Trial Court Opinion, 8/1/25, at 6.[2] The trial court relies on our Court's decisions in **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020), and **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013). **See id.**

However, upon review, we find that our Court, in **Bonnett** and **Garland,** found the Appellants' sufficiency of the evidence claims were waived because they failed to articulate the specific elements of their convictions and were convicted of multiple offenses. **See Bonnett**, 239 A.3d at 1106 ("[Appellant's Rule 1925(b)] statement fails to specify the elements or elements upon which the evidence was allegedly insufficient to support Appellant's [multiple] convictions…"); **Garland**, 63 A.3d at 344 ("[A]ppellant not only failed to

_____

[2] Appellant, in his Rule 1925(b) statement, claims: "The evidence produced at the trial was insufficient to convict Appellant of DUI where the Commonwealth failed to prove beyond a reasonable doubt that [] Appellant was intoxicated to a degree that made him incapable of safe driving." 1925(b) Statement, 6/30/25, at 1 (unpaginated).

specify which elements he was challenging in his Rule 1925(b) statement, he also failed to specify which conviction he was challenging.").

Here, unlike in **Bonnett** and **Garland**, Appellant was only convicted of one crime, the trial court was able to address Appellant's argument, and Appellant clearly identified the element at the focus of his claim, *i.e.*, that he was impaired to such a degree that he was incapable of safe driving. **See** Trial Court Opinion, 8/1/25, at 7-9; Rule 1925(b) Statement, 6/30/25, at 1. Therefore, we will proceed with substantive review of Appellant's sufficiency of the evidence claim.

Specifically, Appellant contends that the Commonwealth failed to prove that he was under the influence of a controlled substance or that that influence was enough to render him incapable of safely driving. **See** Appellant's Brief at 11. Trooper Hoy testified that Appellant in his car was weaving over the double yellow lines on the road, Appellant's speech was stuttered, his eyes were bloodshot, and he showed indicators of impairment in three out of four field sobriety tests. **See id.** at 11-12. However, Appellant argues that the Commonwealth failed to meet its burden of proof because of the lack of indicators for one field sobriety test and there were no blood testing results or expert testimony presented at trial. **See id.** at 12. Moreover, Appellant alleges that he was not driving above or below the speed limit, and he merely crossed the double yellow lines which would not lead one to conclude that he was impaired. **See id.**

Finally, Appellant contends the operation of his vehicle and his field sobriety test performance "were not so egregious that one could conclude beyond a reasonable doubt that he was impaired to a degree that rendered him incapable of safe driving." Appellant's Brief at 12. In fact, Appellant points out that he pulled over right away and followed Trooper Hoy's instruction. ***See id.*** Therefore, Appellant concludes his conviction should be discharged. ***See id.*** We disagree.

Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Spence***, 290 A.3d 301, 309 (Pa. Super. 2023) (quoting ***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*)).

To sustain a conviction under Section 3802(d)(2), "the Commonwealth must establish three elements: 1) that the defendant drove; 2) while under the influence of a controlled substance; and 3) to a degree that impairs defendant's ability to drive safely." ***Commonwealth v. Marberger***, 344 A.3d 403, 411 (Pa. Super. 2025); ***see*** 75 Pa.C.S. § 3802(d)(2). In fact,

> Section 3802(d)(2) does *not* require that any specific amount or specific quantity of the drug be proven in order to successfully prosecute under that section. Rather, the Commonwealth must simply prove that, while driving or operating a vehicle, the accused was under the influence of a drug to a degree that impaired his or her ability to safely drive that vehicle.

***Commonwealth v. Nestor***, 314 A.3d 863, 874 (Pa. Super. 2024) (emphasis in original; citation omitted).

A finding of impairment should be drawn from the totality of the circumstances. ***See Spence***, 290 A.3d at 309. Our Supreme Court has held that Section 3802(d)(2) "does not require that a drug be measured in the defendant's blood." ***Commonwealth v. Griffith***, 32 A.3d 1231, 1239 (Pa. 2011). Further, there is no "mandatory requirement for expert testimony to establish that the defendant's inability to drive safely was caused by ingestion of a drug." ***Id.*** at 1238; ***see also Commonwealth v. Caraballo***, 325 A.3d 1025, 1032 (Pa. Super. 2024) (stating expert testimony is not necessary to establish impairment when other independent impairment evidence exists).

Upon review of the record, we agree with the trial court that the Commonwealth provided sufficient evidence to sustain Appellant's conviction

under Section 3802(d)(2). **See** Trial Court Opinion, 8/1/25, at 9; **Marberger**, 344 A.3d at 413. The trial court found the evidence sufficient to support Appellant's conviction based on Trooper Hoy's credible testimony describing Appellant's erratic driving, Appellant's physical signs that were consistent with narcotics impairment, and the recovery of methamphetamine in his vehicle, notwithstanding the absence of expert testimony, blood test results, or a positive HGN test. **See** Trial Court Opinion, 8/1/25, at 8-9 ("The fact that the HGN test did not reveal any indicators [of intoxication] … does not eliminate the evidentiary value of the tests that did reveal indicators."). Additionally, Appellant's argument that the Commonwealth failed to provide expert testimony or blood testing results in this case is meritless. As mentioned above, our Supreme Court has concluded that a blood test or expert testimony is not required to convict a defendant of DUI of a controlled substance under Section 3802(d)(2). **See Griffith**, 32 A.3d at 1238-39. Therefore, viewing the evidence in the most favorable light to the Commonwealth as the verdict winner, the record here supported the trial court's conclusion that Appellant was driving under the influence of a controlled substance—methamphetamine—and rendered incapable of safe driving at the time of the car stop. **See Spence**, 290 A.3d at 309. Appellant's first claim is thus meritless.

Appellant next contends that his DUI conviction was against the weight of the evidence. **See** Appellant's Brief at 12. To preserve a challenge to the

weight of the evidence on appeal, a defendant must raise the issue orally or by written motion prior to the sentencing hearing or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A)(1)-(3). Upon reviewing the record, we note that Appellant did not file a post-sentence motion or present a weight of the evidence claim orally or written before his sentencing hearing. *See* N.T. Trial, 2/27/25, at 39-41; N.T. Sentencing Hearing, 5/15/25, at 3-5. Consequently, Appellant has waived his weight of the evidence claim on appeal. *See Commonwealth v. Juray*, 275 A.3d 1037, 1047 (Pa. Super. 2022) ("An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim.") (citation omitted).

In addition, we also find Appellant's challenge to the weight of the evidence waived because his argument in support of the claim in his appellate brief only consists of five sentences and fails to evaluate the credibility of the evidence presented beyond repeating twice that Trooper Hoy's testimony was "tenuous, vague[,] and uncertain." *See* Appellant's Brief at 12-13. Even assuming *arguendo* that Appellant preserved the instant claim for our review, he fails to develop his argument in any meaningful way and merely regurgitates his sufficiency of the evidence argument, which is not proper for our evaluation. *See Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa. Super. 2019) (appellant waived challenge to weight of evidence where appellate brief conflated weight and sufficiency claims and did not otherwise

develop weight claim); *see also Spence*, 290 A.3d at 309 ("A true weight of evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions what evidence is to be believed."). Therefore, Appellant has waived his weight of the evidence claim for two reasons.

Following our review of the record and the law, we conclude Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/23/2026